Hemphill. Ch. J.
This record presents a tangled maze of anomalous proceedings, in the narrative of which no regard is had to their chronological order, and a litigation between several, dwindles towards its close (at least in. the style of the case) to a contest between two, who may be regarded perhaps-as champions of the respective adverse interests. I shall not attempt a statement of the case, but will notice only such facts as are necessary to explain the grounds of the decision. The controversy relates to the estate of E. II. R. Wallis, who departed this life in 1S46, leaving a widow, Martha W. Wallis, now Martha W. Hartwell, the plaintiff in error, and her infant children, Francis M. and Robert H. Wallis, and leaving also several children the issue of a former marriage. The heirs by the first marriage having petitioned for a division of the estate, an agreement between them and the widow, for herself and children, was made, to the effect that, to avoid litigation and for the sake of peace and good will and to save expense, she, the widow, agreed to surrender to the estate, all of the property embraced (which was specifically described) in a deed of gift and bill of sale, and the bill of sale itself, which had been executed by the deceased in bis lifetime, and delivered to the said widow. In consideration of this surrender the heirs of the first wife agreed that the said widow should take nought but the household and kitchen furniture, but that her infant children should, without molestation or disturbance, sitare equally with them in the distribution of the estate. This agreement was signed by the widow, by a son of the former marriage, for himself and as guardian of two minor brothers, and by the husbauds of the married women among the heirs. A writ of partition was issued, in which the infants, Francis M. and Robert H., were named as distributees. The commissioners, in the division, allotted shares to the said infants. On their return objection was made against the widow and her infant children receiving any portion of the estate, on the ground that the widow was not tire lawful wife of the deceased, and that the agreement entered into was not signed by the married women, and minor heirs by the former marriage, &c. This objection, it may be gleaned from the record, was overruled, although the return of the probate clerk to the certiorari is so meagre chat it is not satisfactory as to the particular subject upon which the action of the court was liad. The report was, however, sent back to the commissioners, with directions to set apart to the widow and children the two hundred acres of land, including the homestead, which had been previously allotted to them. These proceedings were had in September, 1847; and in November, 1S47, the administrator filed Ills petition objecting to the widow and her children receiving any portion of the estate, on the ground of the nullity of her marriage with *290 the deceased, a former husband bein'; then-alive. The widow excepted to this petition, on the ground that the question had been previously adjudged; and in her answer alleged that the deceased had made a nuncupative will, and also the bill of sale or deed of gift which has been previously noticed; and that site had, by agreement between the parties, declined to attempt the establishment of the said will, and had surrendered all the property embraced in the said deed, for the consideration that her children should share equally with tlie other heirs of Che estate; and that if the court had not jurisdiction to enforce said agreement, she prayed that she and her children might be protected in their rights, and that the parties to said, agreement be compelled to surrender the said bill of sale, with the property therein specified, &c.
The Probate Court gave no opinion in their judgment as to how far the parties to the agreement who were of age were bound, but decided tiiat it had no jurisdiction based upon a contract of that nature; and further determined that the marriage was invalid, that the issue were illegitimate and not entitled to a distributive share of the estate, and a new writ of partition was ordered to issue. On appeal to the District Court this judgment was in all respects affirmed.
This judgment has been brought up for review, and it is assigned for error—
1st. The decreeing that the heirs of Martha W. Hartwell, by E. II. Wallis, are not entitled to be considered in the distribution of the estate.
2d. That it confirms the judgment of the Probate Court in all respects.
3d. In permitting the question of the legality of the marriage of Martha W. Wallis to he tried a second time, the point having been determined on a previous adjudication.
From the views we shall take of this ease, it will not be material to attempt to ferret out of this mass of confusion what was really done when the question of the validity of this marriage was first presented, or whether, at Chat stage of the proceedings; and until the report of the commissioners was finally acted upon by the Probate Court, their order was interlocutory, and remained under the control of the court until the report was finally acted upon. If the issue, however, had been fairly made and the question solemnly determined, it would scarcely admit of dispute that it was not indefinitely open to re-examination at every succeeding term of the Probate Court until final division was had.
But, waiving further remark upon this point, I will proceed to the merits of this controversy, and it seems that the whole of this litigation has been without an object. The whole effort of this widow has been, not for herself, but that her children might be treated as the legitimate children of the deceased, and as such receive a portion of his properly. To this they were entitled by the positive provisions of law. Her sacrifices for the accomplishment of this object were all unnecessary. Their rights were guaranteed by laiv — a protection more secure and powerful than the flimsy pledges of the opposing parties — which, on trial, were found too feeble to resist the temptations of interest and profit. The rights of the children do not depend on the legality or illegality of the marriage of the parents. If there be crime, if there he”offense against the laws in such marriage, they are considered as unconscious of the guilt, and not the proper subject for the infliction of its retributive consequences. By section 15 of the law of 1S40, (art. 586.) which was in force at the death of the. deceased, it is declared that “ where a man having by a woman a child or children, shall afterwards intermarry with such woman, such child or children, if recognized by him, shall thereby be legitimated; the issue also in marriages deemed mili in law shall nevertheless be legitimate.” This law has been repealed by an act of 1848, but the same provision is re-enacted. (Art. 601.)
The exxiressions in which this section is embodied are too perspicuous to require comment. The issue of marriages deemed null in law, without regard to the grounds of nullity, are legitimated, and are, consequently, endowed with all the rights of the legitimate issue.
The judge of the Probate Court was.qf opinion that he liad no power *291 to enforce any division founded upon an agreement between tiie parties. Such a proposition is extremely questionable where an agreement has been made in the course oE the proceedings by the consent of the parties, and has been assented to, if not formally, at least by the action of the court.
But be that as it may, and if there were no power to carry the agreement into execution, the parties would then be restored to their original rights. The refusal of the defendant in error to perform the agreement, ipso jacto, revived the rights of the widow to the property which she had surrendered in consideration of said agreement; and her claim to a restoration of said property and of the bill of sale, if it still exists, is just, and must be sustained. If there had been no such agreement, the bill of sale, i£ valid, would have secured the property conveyed to the widow; and such property formed no part of the succession, and was not the subject of distribution between the liens. Whatever may be the extent of the jurisdiction of the Probate Court, its powers are not so restricted as to incapacitate it from the making the necessary inquiries as to what property does or does not belong to the estate; and, in fact, the writ of partition is required to contain a full description of all the estate to be distributed. Such power is a necessary incident of the jurisdiction of the court, and can be exercised without usurpation.
The property embraced in this deed of gift had passed from the deceased before his death, and was vested in the plaintiff in error. The defendants in error are estopped by their own acts from denying the validity of the bill of sale, or its contents as recited in the agreement. This was signed by the guardians of the minors, and by tiie husbands of the married women among the heirs; and they must be bound by tbe acts of those by whom they were legally represented. The supposition that the husbands and guardians could be thrust forward to practice a deception upon the plaintiff in error for the purpose of filching away her property, and that the wives and minors could then repudiate the acts of their representatives but still retain the property, cannot he tolerated. Such ambidextrous shuffling and double-dealing between husbands and wives to the injury of third parties is repugnant to every dictate of honesty, and is sanctioned by no principle of law. There is no imputation of fraud, or folly, or negligence against the husbands or guardian, and their acts in tiie particular referred to must he regarded as conclusive ; at least such must be the judgment of the court, unless there be some other matter, not appearing upon tiie record, which may affect tiie rights of the plaintiff in error to the property embraced in the deed of gift or bill of sale; and as tiie subject, in tiie point of view which has just been presented, has not been considered by tiie lower courts, we will not now finally decree that the property included in the bill of sale be adjudicated to the plaintiff in error, but will remand it for determination by tiie lower court, in conformity with tiie principles of this opinion and with tiie facts of tiie case.
It is ordered, adjudged, and decreed that the judgment of the District and of tiie County Courts be totally reversed, except so far as tiie marriage between tiie plaintiff in error and the deceased is declared to be invalid. And it is hereby ordered, adjudged, and decreed that the bill of sale or deed of gift surrendered by the plaintiff in error be redelivered to her, if it exists; and if destroyed, that it be re-established as it existed at the time of its surrender by tiie said plaintiff. And it is further ordered, adjudged, and decreed that tiie property embraced in the said bill of sale be redelivered to the plaintiff in error, and be divested out of the succession of the deceased ; and if it be destroyed, that property equivalent in value be surrendered to the said plaintiff in error, unless tiie defendants in error shall show that their rights as heirs of the said succession were not concluded by the said bill of sale or deed of gift, or by their own acts in acknowledgment of its force and validity. And it is further ordered, adjudged, and decreed that the remainder of tiie estate, after deducting tiie property claimed by the plaintiff in error under said bill of sale, be equally distributed, share and share alike, between the heirs of tiie deceased, and that tiie said Francis M. and Robert H. Wallis receive each an equal dis *292 tributive share oí said estate; and it is further ordered, adjudged, and decreed that the plaintiff in error do recover from the defendant in error all the costs by her expended, and that none of the costs of these proceedings be deducted from the share of the estate allotted to the minors, Francis M. and Robert II. Wallis.
Note 85. — Reynolds v. Lansford, 16 T., 286; Smith v. Straham, 16 T., 314; Story v. Marshall, 24 T., 305; Smith v. Boquet, 27 T., 607.
Ordered accordingly.