## TAGGART & TAGGART v. WOOD *et al.*

1. **Judgment:** INJUNCTION. A court of equity will not restrain the enforcement of a judgment regular on its face, when it is not shown that there is a good defense to the claim.

*Appeal from Benton District Court.*

### WEDNESDAY, APRIL 11.

PETITION in equity to restrain the collection of a judgment against plaintiffs in favor of the defendant, Crull, rendered by a justice of the peace, January 17, 1865. The ground of relief is, that Crull had no valid debt against them; that they were not served with notice; made no appearance; were not residents of the county; that there was a fraudulent purpose and combination in procuring a pretended service, and in the rendition of said judgment; and that it is unjust and inequitable to enforce the collection of the same.

Defendants answer, denying all fraud, insist that plaintiffs were residents of the county; that there was a proper and sufficient service; that plaintiffs had full notice; that Crull had a valid and subsisting claim against them; and that the judgment is just and regular in every respect.

The cause was referred, heard by the referee upon the issues joined and testimony offered by each party, and a report made granting the prayer of the petition. This recommendation was confirmed by the District Court and defendants appeal.

*W. C. Connell* for the appellants.

*Shane & McCartney* for the appellees.

Taggart & Taggart v. Wood.

WRIGHT, J. — From the testimony, our opinion is, that plaintiffs at the time of commencing the action before the justice, were residents of the county of Black-hawk and not of Benton, where said judgment was rendered. The record shows, however, that the officer made return in due form of service upon a member of the family of said plaintiff within the jurisdiction of the justice. It also appears that an attachment was issued and duly served by attaching certain property belonging to said plaintiffs. The judgment was personal and not alone against the property attached. The execution issued was general. The testimony tends to show that plaintiffs knew that the action had been commenced and their property attached before the return day of the process. But however this may be, it quite conclusively appears that they were advised of the judgment within four or five days after its rendition, and they took no steps to set it aside until the filing of this petition on the 18th of February, 1865. The account forming the basis of this action does not seem to be unreasonable or made for the occasion. The transcript of the justice shows that witnesses were heard and the judgment rendered for an amount less than that claimed. The parties made an effort to settle the matter afterwards, and only differed, according to the testimony, some five dollars in their respective offers. The charge that the judgment is unjust, or that plaintiffs are not indebted to Crull, as claimed by him, is not supported by the testimony. Indeed the referee on this subject only find that plaintiffs "had a partial defense to said claim." Under these circumstances can this decree be sustained? It seems to us not.

We do not stop to inquire how far plaintiffs are concluded by the officer's return of due service; nor will we discuss the effect of the attachment and the jurisdiction thereby

*1. JUDGMENT: Injunction.*

acquired over the property seized under the writ. Nor is it material to determine whether plaintiffs' remedy was not by appeal from a judgment, apparently regular, and of which they had full knowledge in time to perfect and prosecute the same. Passing all these inquiries, we place our opinion upon the single ground, that the judgment is not shown to be unjust or oppressive, or, in other words, that it does not appear that plaintiffs have a good defense to the claim if the judgment should be set aside. *Prima facie*, the justice had jurisdiction of the parties, and there is certainly no principle that will justify a court of equity in setting aside the judgment and opening up the litigation, until it appears that the result will be other or different from that already reached. That this is the correct rule, without more, we cite the cases of *Piggott* v. *Addicks*, 3 G. Greene, 427; and *Crawford and Kimball, Ex'ors*, v. *White*, 17 Iowa, 560.

Reversed.