T. W. HOUSE & CO. AND J. H. BURNETT, INTERVENOR v. E. M. COLLINS, EX'TRX AND W. D. WILLIAMS.

1. PLEADING. An executrix being sued to revive a judgment by default, rendered against her testator as the indorser, and another as the maker of a promissory note, plead that the record entry in the former proceeding had been fraudulently procured, and made to show that service had been made on her testator when no such service had been made. *Held,* that such facts were sufficient, if established, to authorize the execu-

trix, as between the same parties, to put in issue her testator's liability on the alleged indorsement of the note on which the judgment by default against him was founded.

2. PLEADING—SCIRE FACIAS.  Nor would the affirmance of the judgment by default by the Supreme Court on appeal, preclude such equitable defense from being set up in a *scire facias* proceeding to revive the judgment.*

3. SET-OFF.  An executrix cannot set off damages for harassment and attorney's fees paid against a claim prosecuted against the estate she represents.

ERROR from Houston.   Tried below before the Hon. L. W. Cooper.

On the 31st of December, 1859, W. D. Williams executed and delivered to T. P. Collins his note for three hundred and eighty-four dollars and eighty-six cents, due one day after date, bearing ten per cent. interest, and payable to the order of T. P. Collins.   This note was duly indorsed, and delivered, for a valuable consideration, to House & Co., and they, in January, 1861, brought suit on it against Williams and Collins.

Williams and Collins, it is alleged, were served, the former on the 2d of February, 1861, the latter on the 6th.   Both failed to answer, and on February 22, 1861, judgment by default was rendered against them for four hundred and twenty-eight dollars and fifty-nine cents.   They sued out a writ of error to this court, where the judgment was affirmed.

In the meantime, however, the court-house, with the records of Houston county, had been destroyed by fire, Williams had died, and one Bridges been appointed his administrator. However, before the fire, the cause had been taken to this court, from where the plaintiffs in error obtained. certified copies of the original petition, citations, and judgment, as found in the transcript.

On July 3, 1867, the plaintiffs in error, alleging the above facts, filed their petition to have said judgment revived,

---

* For former action of this court on motion to dismiss writ of error in this cause, see House & Co. *v.* Burnett, 40 Texas, 346-361.

for a *scire facias* to make Bridges, the administrator, a party defendant, and for leave to substitute the certified copies from the Supreme Court for the papers destroyed in 1865. The *scire facias* issued July 20, 1867.

Williams' administrator failed to answer the *scire facias*, but Collins, on March 19, 1868, filed a general demurrer and denial, and answering specially, alleged :

1. That the plaintiffs, House & Co., had no interest of any kind in the note on which the original judgment was rendered.

2. That the suit described in the *scire facias* was never authorized to be brought by House & Co.

3. That no such judgment, or pretended judgment, was ever had in manner and form as therein stated.

4. That no person had any authority to institute or prosecute said action.

5. That the proceedings in the original suit were fraudulent.

6. That, by virtue of a power of attorney executed by House & Co., Collins was authorized to dismiss the *scire facias*.

7. Which he moved to dismiss.

This answer, and all the succeeding pleadings in this case, were filed not only while the original judgment sought to be revived was unreversed, but also after its affirmance by this court.

After this answer, John H. Burnett, by leave of the court below, intervened and alleged :

1. That when this suit was first brought (in 1861) he was owing House & Co. five hundred dollars, to secure which he had deposited with them, as collaterals, sundry notes, among which was the note sued on. (This note was indorsed in blank by Collins, and transferable by delivery.)

2. That House & Co. authorized him to sue on said note, which he did.

3. That after the judgment was rendered, and while the writ of error was pending in the Supreme Court, he discharged his indebtedness to House & Co., as per exhibit.

4. That House then authorized him to prosecute said suit, and appropriate the proceeds to his own use.

5. That the note was originally acquired by the intervenor for a valuable consideration.

6. That there was no fraud in any part of the transaction and suit ; and

7. That he is the legal and equitable owner of said judgment, and that it was unpaid.

A general demurrer and denial were filed to the petition of the intervenor.

At this stage of the proceedings Collins died, and his wife, becoming his executrix, was made a party defendant.

In September, 1869, Mrs. Collins, the executrix, filed another general demurrer to the intervenor's petition, and also alleged :

1. That Thomas Collins never indorsed the note ; and

2. That he never was served with process in the original suit.

This plea is under oath.

The executrix then filed a plea in reconvention, alleging :

1. That the intervenor fraudulently instituted the original suit, well knowing that Collins was not responsible for said debt.

2. That the intervenor fraudulently caused it to be made to appear that Collins had been duly served in the original suit, when, in fact, he never had any notice of it.

3. That by reason of the premises, the executrix had incurred attorney's fees reasonably worth five hundred dollars.

4. That, " by reason of the foregoing premises, she [the " executrix] has been greatly vexed in mind and harassed, and, " by reason thereof, has suffered damages in the sum of one " thousand dollars to the said estate of Thomas Collins, de- " ceased."

The cause then proceeded, but resulted in a mistrial.

The intervenor excepted generally to the answers of the executrix, and also specially because :

1. The plea in reconvention setting up matters arising before the original judgment could not be heard; and

2. The plea of *non est factum* came too late, and should have been filed before said original judgment.

These exceptions were overruled, and the pleas allowed to remain.

It also appears that the executrix filed and read a motion to dismiss the cause, by virtue of the power of attorney above mentioned from T. W. House & Co., after the trial, and just before the retirement of the jury, and a motion was made to exclude it from the papers.

The verdict and judgment were in favor of the intervenor against W. D. Williams, and in favor of the executrix on her plea in reconvention, against the intervenor. The intervenor filed a motion for a new trial on the 7th of April, 1871, and an amendment thereto on April 19, 1871, the original motion still being undisposed of.

The executrix excepted to the amended motion, on the ground of its being filed too late.

The exceptions were sustained, the motion overruled, and a trial refused.

The errors assigned were:

1. Ruling of the court on the intervenor's exceptions to the defendants' answers.

2. Ruling of the court on the defendants' motion to dismiss.

3. Ruling of the court on the motion and amended motion for a new trial.

*Hancock, West & North*, for appellants, contended:

1. That in an action or *scire facias* to revive a judgment, nothing can be pleaded which could have been pleaded before the rendition of the judgment sought to be revived, citing Bullock *v.* Ballew, 9 Texas, 498; McFarland *v.* Irwin, 8 Johns., 77; Thatcher *v.* Gammond, 12 Mass., 268.

2. That the executrix cannot set off damages she has suffered

from vexation against a claim for money against an estate; citing Guthrie *v.* Guthrie, 17 Texas, 543; Dickenson *v.* McDermott, 13 Texas, 252. Other propositions were also ably discussed, to which, in view of the opinion, no reference need be made.

*Nunn & Williams*, for appellees.

We think the plea of *non est factum* was properly admitted, because the defendant denied that he had ever been served with process to appear and defend against the original suit, and this was the first and only opportunity the defendant or her testator had ever had to avail herself of such a defense. The rule invoked by plaintiff in error could only have application where the defendant had been served, and was a party to the suit, and, therefore, had enjoyed the opportunity of defending against the same; and even then, it is believed the rule would admit of some qualification in a court of equity, where the plaintiff sought a remedy, as the court would insist on knowing that the plaintiff was equitably entitled, before it would grant the relief sought. (See McFadden *v.* Lockhart, 7 Texas, 574; Horan *v.* Wahrenberger, 9 Texas, 319.)

However, we think that it might be conceded that the defendant in error had no right to file a motion to dismiss, as was done, and that the plea of *non est factum* was not admissible, and still no reason would thereby be furnished for disturbing this verdict and judgment. The defendant in error pleaded that no service on Thomas P. Collins had ever been had. This was a fact that could unquestionably be inquired into, and, if the plea was true, the court would not substitute or revive a judgment which thus appeared to be a nullity. (See McCoy *v.* Crawford, 9 Texas, 356; Roberts *v.* Stockslayer, 4 Texas, 310; McFadden *v.* Lockhart, 7 Texas, 575.)

To show that no matter can be averred in this proceeding anterior to the judgment, plaintiff in error cites Bullock *v.* Ballew, (9 Texas, 500), which rule has application only when the

party had been served, and it is there said : " But if the judg-
" ment be void, the defendant may plead the matters which
" show its nullity ; " and in case of Taylor *v.* Harris (21 Texas,
439), it is said : " This rule relates to such matters as would
" render the judgment defective or erroneous, or voidable, but
" not to such as would render the judgment absolutely void."

ROBERTS, C. J.    The judgment in favor of E. M. Collins
against John H. Burnett, for one hundred dollars is erroneous,
for the want of any legal foundation shewn in her pleadings.

It is founded on a charge of vexatious litigation, which caused
her to incur expenses in attorney's fees in defending this suit,
it being in the nature of a *scire facias* to revive a judgment by
default against her testator T. P. Collins, as assignor, and W.
D. Williams, as maker of a note.    E. M. Collins pleaded as a
defense to said judgment, and as a reason why it should not be
revived as to her, that T. P. Collins never indorsed the note,
and was not served with process, and had no notice of the suit
in which the judgment by default was rendered, and that said
Burnett had fraudulently caused it to appear on the record of
said cause that service of process had been made upon Thomas
P. Collins by the deputy-sheriff.

Such facts as set out in her answers might well have been
regarded in the District Court as a cross-bill in equity to set
aside a judgment by default, as between the same parties, the
interest of no third person having intervened, so as to have been
affected thereby.    The act thus charged on Burnett in being in-
strumental in making the record speak a falsehood, would have
been a fraud, which if established by proof satisfactorily would
have been sufficient to open the way for her to have put in
issue T. P. Collins's liability upon the alleged indorsement of
the note upon which said judgment by default against him
was founded.

(Freeman on Judgments, Sections 495 and 498 ; McFadden
*v.* Lockhart, 7 Texas, 576 ; McCoy *v.* Crawford, 9 Texas, 356 ;
Wilson *v.* Montgomery, 14 Sm. and Mar., 205 ; Coit *v.* Haven,

30 Conn. R., 199 ; Ingle v. McCarry, 1 Heiskell, Tenn. R., 26 ; Bridgeport S. B. v. Eldridge, 28 Conn. R., 562–3 ; Newcomb v. Dewey, 27 Iowa, 388–9 ; Harris v. Hardeman, 14 Howard's U. S. R., 345 ; Taggart v. Wood, 20 Iowa, 236.)

The affirmance of the judgment by default, by the Supreme Court on appeal, did not preclude such an equitable defense from being set up in *scire facias* proceeding to revive the judgment. (Wilson v. Montgomery, 14 Sm. and Mar., Tenn., 205.)

The verdict of the jury upon the special issues submitted to them by the court was in favor of Burnett, as to the indorsement of the note by T. P. Collins, but against him as to the service of the citation upon T. P. Collins. Both of these issues should have been found in favor of E. M. Collins, to have constituted an available defense in equity. For if the indorsement was valid and obligatory it would have been a useless proceeding to set aside the judgment by default, as the principles of equity jurisprudence would have required another judgment to be rendered upon such valid liability, the parties being already in court litigating the matter. (Taggart v. Wood, 20 Iowa, 236.)

The foregoing views as to the equitable defense set up in the answer are here presented, because the case will be remanded, when E. M. Collins may upon another trial sustain the same by proof, if she can.

The judgment as here presented must be reversed because of the error in the verdict and judgment, in giving E. M. Collins one hundred dollars damages, for expenses in attorney's fees and harassment in litigating the matter.

Reversed and remanded.

(Justice Moore did not sit in this case.)