McIlvaine, J.
For aught that appears on the record before us, the plaintiff had actual knowledge of all the facts stated in her original petition, at the time she purchased the property, as well as constructive notice of the existence of the judgment and lien of the defendant. It is not pretended that any ground for equitable relief exists in her favor, which could not, with equal right, be asserted by Allaire, her grantor; and we think it is quite clear, that, upon the facts stated, equity would not afford relief to Allaire, the judgment debtor.
That errors and irregularities intervened in the action and proceedings before the justice must be conceded, but whether they appeared on his record is not shown. If they do appear on his record, the judgment, no doubt, might have been reversed on proceedings in error. And the rule is,’that equity will not afford relief, where there is a plain and adequate remedy at law. Allaire had knowledge of the pendency of the action before the justice. True, the notice by summons was not regular ; but it informed him that the action had been commenced, and he was thus afforded an opportunity to correct the irregularity on motion, to the justice, or by petition in error if the irregularity appeared on the face of the record. Rut whether the irregularity appeared of record or not, he could have no standing in a court of equity without an allegation of meritorious defense. Having failed to exercise diligence in seeking redress at law, equity would not set aside the judgment until it was made to appear that the result should be other or different from that already reached. No such showing is made in the case before us.
We do not deny that equity, under some circumstances, will restrain the execution of a void judgment, without an allegation of defense, as, for instance, when the fraud or misconduct of the plaintiff in obtaining the judgment is shown; but such jurisdiction is never exercised without such showing, where the judgment is voidable merely, or where, though absolutely void, it appears to be regular on the face of the record.
*507 No misconduct is alleged against the judgment creditor, Morrison, and for aught that is alleged, the record of the justice may be entirely regular upon its face. If the justice adopted the change made as to the return day of the summons, (as would seem to be the case) the docket would be unobjectionable in form. True, the return of the constable that the defendant was summoned to appear on January 3, 1876, was false; but the falsity of that return would not relieve either the judgment debtor or the plaintiff from the necessity of showing, in the petition for equitable relief, a meritorious defense to the action.
The contention of the plaintiff in error is that the justice’s judgment is absolutely void for want of jurisdiction over the person of Allaire. But in disposing of the case, I have not deemed it profitable to trace the many nice distinctions which have been drawn between judgments void at law and those voidable merely, and have confined myself to the consideration of those principles upon which courts of equity will or will not interfere and set aside judgments for want of proper notice, whether they be such as are commonly denominated void or only voidable.
The practice upon this subject is fairly stated by Mr. Freeman in his work on “ J udgments,” as follows. “ Section 498. It has been held that a judgment rendered without process and without the knowledge of the defendant, may be relieved against without any showing on the question of merits, for the reason that ‘in such case the injury consists in the rendition of the judgment against a party without notice and opportunity of defense; and that it is unjust and unconscientious to attempt to enforce a judgment so obtained.’ But the better established rule undoubtedly is, that notwithstanding an alleged want of service of process, a court of equity will not interfei’e to set aside a judgment until it appears that the result will be other or different from that abeady reached.” See, also, Taggart v. Wood, 20 Iowa, 236 ; Gregory v. Ford, 14 Cal. 138 ; Fowler v. Lee, 10 G. & J. (Md.) 363; Piggot v. Addicks, 3 G. Greene, 427; Crawford v. White, 17 Iowa, 500; Stokes v. Knarr, 11 Mis. 389.
*508 Equity is not concerned about a judgment, wbicb, tbougb irregular, is in fact equitable and just.

Judgment affirmed.