## J. CALVERT vs. WILLIAM RAMSEY et. al.

SUPREME COURT, AUSTIN TERM, 1883.

*Preemption---Occupancy.*---A pre-emptionist is required to show that he has resided upon and cultivated the land for three years.

*Patent---Subject to Attack.*---The issuance of a patent is a ministerial act, which when made without authority of law, can be shown to be invalid.

Writ of error to the District Court of Jack County.

*J. N. Roach* for plaintiff.

### STATEMENT.

Calvert sued defendants in error February 6th, 1880, claiming that he preempted 160 acres of land in Jack County in 1878 by settling upon it as the head of a family. That the land was then vacant unappropriated public domain, and that he had twice made formal demand of the surveyor to survey the same for him, once in 1878 and once in 1879, but that the surveyor refused and still refuses to survey the same. That he had, since his settlement, continuously occupied the land and improved and cultivated the same. That after his settlement Ramsey as administrator of Howell Walker, dec'd, fraudulently and by false and irregular affidavits procured a patent to issue to the heirs of Walker for the land and that the patent was invalid &c.

Walker's widow and children were asserting a claim to the land &c.

He sues to remove cloud and to compel a survey. The other allegations are sufficiently stated in the opinion. To this the defendants in error specially excepted.

1st. Because it does not appear that plaintiff in error had taken the necessary steps to secure a survey.

2nd. Because the surveyor was not authorized to survey the land.

3rd. To certain portions of the petition as impertinent and irrelevent.

These exceptions were sustained by the Court and the plaintiff in error declined to amend, whereupon the Court rendered judgment dismissing the case.

The errors assigned present the propositions that the Court erred in these rulings &c.

Opinion by Watts, J.

Under the preemption laws of this State actual occupancy and

cultivation of the land for three years has always been a condition precedent to securing title as a pre-empter. If after a settlement has been made upon public land and before the three years occupancy and cultivation has concurred the settler voluntarily abandons the land he thereby forfeits all preemption privileges and the land becomes subject to settlement location and survey as other unappropriated public domain. Gambrell vs. Steele 55 Tex., 585. Bledsoe vs. Cains 10 Tex.. 455.

A temporary absence on business or otherwise will not work a forfeiture of the settlers rights as such, provided the circumstances do not evidence an intention of a permanent abandonment.

From the allegations in the petition it appears, that Walker and his wife separated as early as 1870, that he left her in Eastland County that year and went to Jack County; he settled upon the land in controversy in February 1873, as a prospector, and lived upon the land until September 1873, when he died; from thence until October the 30th, 1878, the land was unoccupied; during that time defendants in error nor either nor any of them occupied the land or took any steps to secure title to the same.

That at the time the land was vacant unappropriated public domain and subject to settlement, location and survey, and that he then, as the head of a family, moved upon and occupied the same as a preemptor, and had since that time continued to occupy and cultivate the land.

It also appears from the petition that subsequent to the plaintiffs, in error settlement upon the land, Ramsey as the administrator of Walker, had falsely and fraudulently made affidavit as to Walker's settlement upon the land &c., and in the same way secured supporting affidavits of two persons and fraudulently procured the issuance of a patent to Walker's heirs for the land.

The demurrer admitted the truth of these allegations and of their sufficiency to entitle plaintiffs in error to relief we have no doubt whatever. Taking these allegations as true certainly the Walker settlement had been abandoned and the land had become a part of the unappropriated public domain long before plaintiffs in error made his settlement upon it in 1878.

In Burleson vs. Durham 46 Tex., 159, which is a similar case to the one under consideration, the Court said :

"The general policy of the Republic and the State has been to en-

courage emigration and the settlement of the public domain by giving the preference to the actual settler seeking to make of it a home. But it is not believed that it has been the policy to encourage by special privileges, the mere temporary occupation or use of the public land &c. &c. In all the enactments from 1853 down to 1871 the preemptionist is required to show that he resided upon and cultivated the land for three years."

It is fully settled by frequent adjudication that here the issuance of a patent is a ministerial act, which of itself, without authority of law, is invalid. Commissioners vs. Smith 5 Tex.,471. Tódd vs. Fisher 26 Tex., 239.

Sherwood vs. Fleming 25 Tex. Supt., 408.

From the allegation in the petition it appears that Calvert had such an equitable interest in the land at the time the patent issued that would enable him to impeach it on account of the alleged invalidity.

We conclude that the Court erred in sustaining the exceptions to plaintiff's in errors petition and in dismissing the case. For which error the judgment ought to be reversed and the case remanded. As to plaintiff's in errors rights as against the surveyor we refer to Miller and Barrett vs. Hays 42 Tex., 486.

The report of the Commissioners of Appeals examined and opinion adopted and the judgment reversed and the cause remanded.

WILLIE, C. J.