### J. E. HAYWORTH, ADM'R, V. MARGRETH WILLIAMS ET AL.

#### Decided May 25, 1909.

**1.—Appeal—Rendition of Judgment—Practice.**

When the judgment of the trial court is reversed the Court of Civil Appeals should not render judgment, although it may have power to do so, when the case must be retried upon a different theory in accordance with the opinion of the appellate court, and may therefore not have been fully developed on the first trial.

**2.—Certifying Question—Practice.**

Simply because additional authorities are cited which make it possible that the Supreme Court would have ruled differently on a question certified to them if their attention had been called to the authorities, is not a sufficient reason for certifying the same question a second time to said court.

*Stuart & Bell,* for appellant.

*Potter, Culp & Giddings* and *Green & Blanton,* for appellee.

SPEER, ASSOCIATE JUSTICE.—*Opinion on appellant's motion for rehearing of his motion for rendition of judgment.*—We are asked by appellant to reconsider our judgment heretofore rendered overruling his motion for rendition of judgment, wherein he agrees that judgment for one-half the land in controversy may be rendered in favor of appellee Margreth Williams, and to limit the issues upon another trial to that of partition according to the rights of the respective parties as indicated in the opinion of the Supreme Court on certified question.

(102 Texas, 308.)    But, while it may be true we have the power to affirm the judgment as to the issue of the validity of the marriage between appellee Margreth Williams and Thomas Jefferson, deceased, and as to the issue of the legitimacy of appellee Nettie Maloy, and to confine the inquiry on another trial to a determination of the one question of the extent of appellee's contributions to the acquisition of the land in question, still we do not think there is any necessity for our exercising such a power.    The case on the former trial was not tried upon any such theory and no attempt whatever was made to show the extent of appellee's contributions toward the purchase, and if her rights are finally to be determined in accordance with the Supreme Court opinion we can not say that she will not be able to recover on another trial even more than the one-half which appellant now agrees may be awarded to her by the judgment of this court.    As an original proposition we were inclined to hold, as indicated in our opinion and in our certificate to the Supreme Court, that appellee would be entitled to one-half the land in controversy upon the reasoning there stated, but the Supreme Court has held that her recovery should be limited to a share in the land in the proportion that her labor contributed in producing the purchase money, and it is along this line the case must now be decided.    We therefore overrule appellant's motion for a reconsideration.

We are also asked by appellees to re-open for argument appellant's motion for rehearing of her former motion to render judgment, calling our attention to article 1699, Sayles' Texas Civil Statutes, with which the opinion of the Supreme Court is thought to be in conflict, counsel for the motion very politely suggesting that "appellee's rights should not be lost through the ignorance of her counsel if the light should shine before the last judicial nail is driven in the coffin."    The article cited reads:    "Where a man having by a woman a child or children shall afterward intermarry with such woman, such child or children, if recognized by him, shall thereby be legitimated and made capable of inheriting his estate.    The issue also of marriages deemed null in law shall nevertheless be legitimate."    In Hartwell v. Jackson, 7 Texas, 576, this statute was construed by our Supreme Court, Chief Justice Hemphill remarking that:    "The expressions in which this section is embodied are too perspicuous to require comment.    The issue of marriages deemed null in law, without regard to the grounds of nullity, are legitimated and are consequently endowed with all the rights of the legitimate issue."    The same statute is again referred to by the learned Chief Justice as having this effect in Lee v. Smith, 18 Texas, 142.    While counsel for appellees very generously assume the responsibility for the oversight in not citing this statute on the original hearing, and while possibly if it had been cited the decision of our Supreme Court on the right of appellee Nettie Maloy to be treated as an unmarried daughter living with the family of the deceased at the time of his death, under Sayles' Texas Civil Statutes, article 2046, might have been different, still we do not see that we are in a position to afford appellees any relief in this particular.    An examination of the opinion reversing and remanding this case originally filed by us will disclose that we were of opinion Mrs. Maloy would be entitled to

recover the homestead of Thomas Jefferson, deceased, notwithstanding she was his illegitimate daughter. It was therefore an immaterial question with us whether she was legitimate or otherwise, and we gave the matter no consideration. Under the statute cited by appellees it would seem, if the question were an open one before us, that Mrs. Maloy is the legitimate child of Thomas Jefferson and Margreth Williams, and as such entitled to the rights of an unmarried daughter remaining with the family at the time of decedent's death. But, as before indicated, the question is beyond our control, and appellees' remedy, if they have one, is to seek a rehearing of the matter in the Supreme Court, as we would feel a delicacy in again certifying the same question to that court. Appellees' motion is therefore overruled.

*Overruled.*

*Note.*—See 51 Texas Civ. App., 146, for original opinion.