J. D. FONTENOT, Appellant,

v.

Anthony DAVIS, Appellee.

No. 6074.

Court of Civil Appeals of Texas.

Beaumont.

Nov. 8, 1956.

Strong, Moore, Pipkin, Strong & Nelson, Beaumont, for appellant.

Marcus & Weller, Beaumont, Lamson & Owens, Pt. Arthur, for appellee.

R. L. MURRAY. Chief Justice.

This is an appeal from a judgment in the County Court of Jefferson County at Law in a suit for damages arising out of an automobile collision.

The appellee Davis filed suit against the appellant Fontenot for damages to his automobile, resulting from a collision between his car and the car of appellant Fontenot at the intersection of Houston Avenue and 7th Street in Port Arthur, Texas. Fontenot filed a cross action for damages to his car, resulting from the same collision. In his petition appellee Davis alleged that appellant Fontenot negligently operated his car at the intersection of Houston Avenue and 7th Street in Port Arthur, while Davis was driving his in a careful and prudent manner at the same intersection; that Fontenot negligently drove his car into his

car, proximately causing the damage to his car, and alleged that Fontenot was guilty of negligence in (a) failing to yield the right of way, (b) in driving his car into the intersection after the Davis car had already entered the intersection, (c) in failing to apply his brakes before the collision, (d) in failing to keep a proper lookout, (e) in entering the intersection when the traffic light facing him was red, "such act being a violation of the penal laws of the State of Texas and constituted negligence per se."

Appellant Fontenot filed his cross action against appellee Davis, alleging that the collision between their two automobiles at the same intersection named by Davis in his petition was proximately caused by the negligence of appellee Davis. He alleged the following acts on the part of Davis as negligence. (a) Driving his automobile into the intersection at a time when the traffic control light regulating traffic proceeding along 7th Street was red, in violation of the penal laws of the State of Texas, which act constituted negligence per se, (b) in failing to yield the right of way to Fontenot's vehicle, (c) in failing to keep a proper lookout, (d) in failing to have his automobile under proper control, (e) in driving his automobile at an excessive rate of speed, (f) in operating his car at a speed in excess of the speed limit prescribed by law in violation of the penal statutes of the State of Texas, (g) in failing to apply the brakes of his car in time to avoid the collision.

The case was tried to a jury and the jury, by its verdict, in answer to special issues submitted in the court's charge, found that (1) Fontenot failed to keep a proper lookout, (2) such failure was a proximate cause of the damages to Davis's automobile, (3) the traffic light controlling the entrance to 7th Street was not red at the time Fontenot entered the intersection, (5) Fontenot failed to apply his brakes in time to avoid the collision, (6) such failure was not negligence, (7–A) Fontenot was not operating his car at an excessive rate of speed, (8) the traffic light controlling the entrance to Houston Avenue was red at the time of and immediately prior to Davis entering such intersection and (9) Davis's entering said intersection at a time when the light was red was the proximate cause of the collision, (10) Davis did not fail to keep a proper lookout for vehicles, (12) Davis was not operating his vehicle at an excessive rate of speed, (15) Davis failed to attempt to turn his vehicle to the left and (16) such failure was not negligence, (17–A) Davis failed to apply the brakes of his car when he first saw Fontenot's car, (17–B) such failure was not negligence, (18) the collision was not the result of an unavoidable accident, (18–A) Davis failed to warn Fontenot by sounding his horn, (18–B) such failure was not negligence. The parties by agreement stated to the court that damages to Davis' car resulting from the collision amounted to $227.49 and that the damages to Fontenot's car amounted to $199.48, and they jointly requested the trial judge to instruct the jury as to the amount of damages to find. The jury found these respective amounts as damages to the two cars.

Both parties filed motions for judgment. Fontenot's motion requested the court to render judgment on the verdict of the jury that neither party recover from the other, alleging that such findings were that the acts of both parties constituted negligence and a proximate cause of the collision. Davis' motion for judgment requested the court to render judgment in his behalf or in the alternative that judgment be rendered that neither party recover against the other. The court entered judgment for appellee Davis, against the appellant Fontenot for the amount of damages to his car— $227.49. Fontenot filed a motion for new trial which was overruled by the trial court, and the appellant has duly perfected his appeal.

The controversy here is in regard to the effect of the jury's findings of negligence and proximate cause against the appellee Davis in answer to Special Issues Nos. 8

and 9, which are noted above. These findings are that appellee entered the intersection of 7th Street and Houston Avenue in Port Arthur against a red light and that this act was a proximate cause of the collision. No issue was submitted inquiring whether this was negligence. Appellant says in his brief that such an act was in violation of the penal statutes of the State of Texas, Article 6701d of the Uniform Traffic Act of the State of Texas, Vernon's Ann.Civ.St., and therefore was negligence per se, that it was not necessary that the jury find such an act to be negligence, and that when the jury found such an act to be the proximate cause of the collision, such findings barred Davis from recovery. He also contends that if such a finding of negligence be required in order to defeat Davis' recovery, then the evidence is of such a nature that reasonable minds could not differ and was conclusive in its showing that such act was negligence. He also presented a request to the trial court for additional findings of fact and requested the trial court to find that such act of Davis's was negligence. This was refused by the court.

The appellee on the other hand stoutly maintains that such findings in response to Special Issues Nos. 8 and 9 were properly disregarded by the trial court, because there was no proof that the traffic lights regulating traffic at such intersection were lawfully put there by an ordinance of the City of Port Arthur, and hence there was no evidence that such entry was a violation of a penal statute and thus negligence per se. The appellee is correct in the statement that no evidence was produced showing that the traffic lights at the intersection were put there by a City ordinance or by any lawful authority. The appellee has briefed this feature of the case extensively, showing that courts do not take judicial notice of a City ordinance and that in the absence of a showing that such control lights were lawfully put there by competent authority, there is no showing of a violation of the penal statutes of the State of Texas and hence no showing of negligence per se.

■ Both parties, however, appear to have lost sight of a basic element in this controversy, which is that each party in his pleadings alleged that the other had driven his car into the intersection in question when the traffic light facing him was red and that such act was in violation of the penal statutes of the State of Texas and constituted negligence per se. Since both parties here pleaded that the other had entered the intersection into a red light "in violation of the penal laws of the State of Texas," and since such an act could amount to a violation of the penal statutes only if the traffic lights controlling traffic at the intersection had been lawfully installed there by competent authority, this is a pleading that such traffic lights were lawfully installed and in operation. All parties to a lawsuit are bound by statements in their pleadings. The facts alleged by both parties will be accepted as established without proof. Caulk v. Anderson, 120 Tex. 253, 37 S.W.2d 1008; Red River Valley Publishing Co. v. Bridges, Tex.Civ.App., 254 S.W.2d 854; Backues v. Woods, Tex. Civ.App., 218 S.W.2d 892. This rule is particularly applicable to the present controversy in this case, as is pointed out in Red River Valley Publishing Co. v. Bridges, supra. From a reading of the statement of facts it is evident that both parties sought to prove by the testimony of the two parties as witnesses that his adversary had wrongfully driven into the intersection while facing the red light and to show that he, himself, did not do so. Under these circumstances, we conclude that it was not necessary that any proof be made that such traffic control lights at that intersection were lawfully installed and that the jury's findings in answer to Special Issues Nos. 8 and 9 convict the appellee of contributory negligence and bar his recovery in this suit. The trial court erred in overruling appellant's motion for judgment that neither party recover herein and

in granting the appellee's motion for judgment in his favor and rendering judgment that appellee Davis recover for damages. Appellant's motion for judgment and appellee's alternative motion for judgment should have been granted, and judgment rendered denying recovery to both parties. The judgment of the trial court is therefore reversed and judgment is here rendered that appellee Davis take nothing by his suit against the appellant Fontenot, and that appellant Fontenot take nothing by his cross action against the appellee Davis.

Reversed and rendered.