John BENSON, Appellant,

v.

Millie R. BENSON, Appellee.

No. 3814.

Court of Civil Appeals of Texas.

Eastland.

May 17, 1963.

Rehearing Denied June 7, 1963.

Lawrence E. Steinberg, of Johnson, Guthrie & Stanfield, Dallas, for appellant.

Emmett Colvin, Asst. Dist. Atty., Dallas, for appellee.

COLLINGS, Justice.

This action was brought under the Uniform Reciprocal Enforcement Support Act by petitioner Millie R. Benson against John Benson. Judgment was rendered for petitioner adjudging that defendant owed the duty to support the named minor child and decreeing the amount of such support. John Benson has appealed.

On July 7, 1961, appellee Millie R. Benson filed a petition in the Superior Court of

the State of California in the County of Los Angeles alleging a duty of support owed by appellant to appellee's daughter. The petition set out that appellant and appellee were married in Tiajuana, B. C., Mexico, on or about March 4, 1957, and that this marriage was annulled on or about April 28, 1960; that appellee is the mother of and appellant is the father of the named dependent child, born September 19, 1957. Appellant was given no notice of the filing of such petition in the California court, nor was he ever within the territorial jurisdiction of the State of California at or since the filing of such petition. On or about July 10, 1961, without notice to appellant, the Judge of the Superior Court of the State of California in and for Los Angeles County, made a finding, certificate and order that the verified complaint shows facts from which it may be determined that appellant owes a duty of support to said dependent child, and that the District Court of Dallas County, Texas might obtain jurisdiction over John Benson or his property. Such cause including certified copies of the petition and the order and finding of the California Court were then transmitted to the proper court in Dallas County. See Article 2328b-3 Vernon's Ann.Texas Civ.St.

On August 8, 1961, notice was issued by the Juvenile Court of Dallas County, Texas, ordering appellant John Benson to appear on August 23, 1961, to show cause why he should not pay support according to the Reciprocal Uniform Support Law. Appellant duly filed an answer which was later verified in which it was stated that no lawful marriage ever existed between appellant and appellee and that he had been a resident of the State of Texas at all times since October of 1957 and that, as a matter of law, no duty of support exists. On May 31, 1962, appellant Benson filed motion for summary judgment stating that no genuine material fact issue exists in the case and that under the pleadings he was as a matter of law entitled to judgment. On October 16, 1962, the Juvenile Court entered an order overruling appellant's motion for summary

judgment and entered judgment declaring that appellant owed a duty of support to the minor child, and ordered him to pay into the registry of the court the sum of $40.00 per month for the support and maintenance of said minor child. At the trial no evidence was offered by appellee nor was any offered by appellant. The parties did, however, agree upon the extent of appellant's ability to support said minor child.

Appellant's contentions in his first, second and third points to the effect that the court erred in overruling his motion for summary judgment because (1) child support can only be awarded in connection with a suit for divorce, (2) no duty of support exists by the father when there is no lawful marriage and (3) there was never a valid duty of support created in the State of California since the California court at no time had jurisdiction over him are not well taken.

■ Appellant is correct in his contention that the applicable law in determining whether a duty of support exists in this case is Texas law, but we cannot agree that appellee's petition shows that no duty of support exists because of the allegations of the annulment proceeding show there was no lawful marriage. Section 42 of the Texas Probate Code, V.A.T.S., provides that the issue of "marriages deemed null in law shall nevertheless be legitimate." Hayworth v. Williams, 51 Tex.Civ.App. 146, 120 S.W. 1138 and cases cited therein.

■ Article 2328b-3, Section 13, V.A.T.C.S. provides: "If the court of the responding state finds a duty of support, it may order the defendant to furnish support or reimbursement therefor and subject the property of the defendant to such order." This portion of the statute obviously provides a remedy other than an order by the court in a suit for divorce, and appellant's point urging that support can only be awarded in a proper divorce case is overruled.

It is not contended by appellee and it was not held by the trial court that appellant owes any duty of support by virtue of an

order or decree of the State of California. The Superior Court of the State of California in Los Angeles County where appellee's petition was originally filed was "an initiating state" and it entered no final decree to the effect that appellant had a duty of support of the minor child in question. It simply found that appellee's petition set forth facts from which it might be determined that appellant did owe a duty of support and that a District Court in Dallas County, Texas, might obtain jurisdiction over appellant and his property, and then transmitted the case including certified copies of the record to the Dallas County Court for further action.

■ In appellant's fourth point it is contended that the judgment should be reversed because appellee failed to discharge her burden of proof. Appellant urges that appellee had the burden of establishing her cause of action and to establish the existence of facts showing that she was entitled to prevail, and that appellee has wholly failed to so show; that appellee offered no evidence at the trial and that appellant made no admissions other than to agree to the extent of his ability to pay child support.

Appellee concurs with the statement that a plaintiff normally has the burden of establishing the cause of action alleged, but contends that in the instant case there was no dispute as to the alleged facts material to her right to recover and that such facts are therefore to be taken as true and no proof was necessary. In support of this contention appellee relies upon Fontenot v. Davis, Tex.Civ.App., 296 S.W.2d 939. That was a suit for damages arising from a collision of automobiles at a street intersection. Both parties pleaded and sought to prove that the other wrongfully drove into the intersection against a red light in violation of the state penal laws. The San Antonio Court of Civil Appeals speaking through Judge Murray held that such allegations constituted pleadings that the traffic lights at the intersection were lawfully in-

stalled and in operation because "such an act could amount to a violation of the penal statutes only if the traffic lights controlling traffic at the intersection had been lawfully installed there by competent authority." It was held that all parties to a law suit are bound by allegations in their pleadings and that facts alleged by both parties would be accepted as established without proof.

■■ It is true as urged by appellee that appellant Benson made no general denial to appellee's pleadings but we cannot agree with her contention that appellant admitted all material facts alleged in appellee's original petition, and that the only issue in the case is an issue of law, namely, whether a duty of support exists under such allegations. Appellant did question the right of appellee to recover even if all the allegations in her petition were true. Appellant's contention in this respect is set out near the close of his pleading as follows: "Wherefore, plaintiff's petition does not state a cause of action against defendant, since no duty to pay child support exists under the facts and circumstances alleged in plaintiff's petition." It is true that in passing upon an exception to a pleading it will be presumed that the facts alleged therein are true, but it does not follow that such presumption prevails upon the trial of the case. We cannot agree with appellee's contention that appellant Benson's answer or his motion for summary judgment should be construed as an admission that the parties were married on or about May 4, 1957, that the marriage was annulled on or about May 28, 1960, and that Benson is the father of the named dependent child born September 19, 1957. The establishment of appellee's cause of action depended upon the existence of the marriage and of the fact that appellant was the father of the child as alleged in her petition. She offered no proof to establish such facts and appellant's point urging that she has failed to discharge her burden of proof is well taken.

For the reasons stated the judgment is reversed and the cause is remanded.