John BENSON, Appellant,

v.

Millie R. BENSON, Appellee.

No. 16660.

Court of Civil Appeals of Texas.

Dallas.

Feb. 4, 1966.

Rehearing Denied March 4, 1966.

Whitener, Price, Lewis & Steinberg, and Richard W. Luerssen, Dallas, for appellant.

Henry Wade, Dist. Atty., and Theo Bedard, Asst. Dist. Atty., Dallas, for appellee.

DIXON, Chief Justice.

This action was initiated in the State of California by appellee Millie R. Bennison, also known as Millie R. Benson, pursuant to the provisions of the Uniform Reciprocal Enforcement of Support Act, Art. 2328b–1, Vernon's Ann.Civ. Statutes, against appellant John Bennison, also known as John Benson, to obtain an order for support of the minor child of appellant and appellee. Appellant, a resident of Dallas County, was ordered by the Juvenile Court of Dallas County, Texas to pay $48.00 per month as child support.

This is the second appeal in the case. For the opinion of the Eastland Court of Civil Appeals in the first appeal see Benson v. Benson, 368 S.W.2d 125.

Appellant in this appeal presents three points in which he alleges that (1) under Texas law the duty of child support can only be established and awarded in connection with a suit for divorce, which there never was in this case; (2) no duty of support exists when there is not a lawful marriage, which fact was adjudicated by the judgment of annulment in this case; and (3) there was never a valid, judicial order entered in California, since at no time did the California court have jurisdiction over appellant.

The above points are the very same points presented by appellant in the first appeal and they were all overruled for reasons stated in the opinion. We overrule them in this appeal for the same reasons.

In the former appeal the appellant's fourth point was sustained on the ground that appellee has failed to discharge her burden of proof. It was the only reason for reversing the judgment. Neither appellant nor appellee had offered any evidence at the trial. Under the circumstances it was certainly proper to sustain appellant's fourth point and to remand the case for trial on the merits. In the present appeal appellant does not present a fourth point, but we shall briefly take note that appellee has now met the requirements as to evidence laid down in the first appeal.

Appellant did not testify. Appellee did testify. Among other matters she stated that the parties were married in Tijuana, Mexico on March 4, 1957; that their child was born thereafter; that she did not know that John Bennison was still married to his first wife; that following their supposed marriage she and appellant lived together for several months in the home of her parents and several months in the home of his parents; their marriage was annulled on or about April 28, 1960, more than two years after the birth of their child; and that appellant had never paid any child support. Her testimony was substantiated by certified copies of several documents, including the certificate of marriage, the annulment

decree, the order of the California court pursuant to the Reciprocal Support Act and numerous letters from appellant acknowledging the child as his and declaring his love for the child and her mother, appellee herein.

Appellant's three points on appeal are overruled.

The judgment of the trial court is

Affirmed.