John H. WAY, Appellant,

v.

Veronica FISHER, Appellee.

No. 69.

Court of Civil Appeals of Texas.

Houston (14th Dist.).

March 6, 1968.

J. R. Ramsey, Houston, for appellant.

Carol S. Vance, Dist. Atty., R. H. Elder, Asst. Dist. Atty., Houston, for appellee.

SAM D. JOHNSON, Justice.

This suit was initiated by appellee, Veronica Fisher, in the District Court of Polk County, Iowa, against the appellant, John H. Way, under the Uniform Support of Dependents Law of the State of Iowa, Chapter 252A.1 et seq., which is substantially similar to the Uniform Reciprocal Enforcement of Support Act of the State of Texas, the responding state, praying for an order of the court to be directed to the appellant, a resident of Harris County, State of Texas, for support for the benefit of the appellee's six minor children.

Based on appropriate action in the District Court of Polk County, Iowa, the intiating state, this action was forwarded to the District Clerk of Harris County and duly filed and docketed. Citation was issued on June 1, 1967, and was personally served on appellant on that same date. Appellant, through his attorney, filed his written answer in the form of a general denial on June 16, 1967.

Subsequently, on July 17, 1967, the cause came to be heard in the Court of Domestic Relations of Harris County. The appellant did not personally appear for that hearing, but appeared by and through his attorney of record through whom the appellant's answer had been previously filed. The trial court entered an order that, among other

things, recited the appearance of appellee by and through the State's attorney and the appearance of the appellant by and through his attorney, and the announcement of ready for the hearing upon the petition. The court then found that the sum of $30.00 per week was a fair and reasonable sum of support and entered an order requiring said payments to begin July 21, 1967.

The case comes before this court on a statement of facts of less than two pages that was agreed to by the attorneys. It must be accepted as reciting essentially what transpired on the date set for the hearing, that is, the appearance of the attorneys, the finding and order of the court. It further recites that no instruments were introduced, that no exhibits were presented, that no witnesses appeared, that no testimony was introduced, and that no stipulations were made.

Appellant contends that judgment should have been granted for him in that there was no evidence introduced by the plaintiff on which a judgment for appellee could be based and for the further reason that appellee failed to prove a prima facie case. The appellee responds that this was an entry of a default judgment, and a finding that appellant owes a duty of support is justified when the appellant fails to appear and present a defense.

This is not a situation controlled by Rule 239, Texas Rules of Civil Procedure, providing for judgment by default. Here the appellant had timely filed an answer and his attorney of record was before the court.

The essential question presented is whether or not a judgment of the trial court of this state, as the responding state, under the Uniform Reciprocal Enforcement of Support Act, Article 2328b–1 et seq., may be supported in such circumstances. We conclude that it cannot.

In Neff v. Johnson, Tex.Civ.App., 391 S.W.2d 760, no writ hist., a non-resident mother brought suit under the Uniform Reciprocal Enforcement of Support Act and the trial court in this state ordered monthly support and maintenance of children's payments. The appellate court there found the evidence at the hearing insufficient to support the trial court's judgment. The court there stated, *"Incompetent evidence* cannot form the basis of a fact finding or of a judgment regardless of whether it was objected to. Texas Co. v. Lee, 1941, 138 Tex. 167, 157 S.W.2d 628; Austin Bros. v. Patton, Tex.Com.App., 294 S.W. 537." (Emphasis added.)

In the case at bar, we do not have "incompetent evidence," we have no evidence. Accepting, as we must, the statement of facts here presented, there is a failure of proof to support the trial court's judgment.

It might be suggested that the trial court considered the statements made in the certificate and the other material received from the initiating court in Polk County, Iowa, as evidence. The court in the responding state could not consider these as evidence of the facts alleged. Schlang v. Schlang, Tex.Civ.App., 415 S.W.2d 28, ref. n. r. e. "The statements made in the certificate, based upon the plaintiff's petition, and without notice to the defendant, are not to be considered by the court of the responding state as evidence of the facts alleged in the plaintiff's petition." Neff v. Johnson, supra. See also Benson v. Benson, Tex.Civ.App., 368 S.W.2d 125, ref. n. r. e.

We must conclude that in the absence of a prima facie case having been made out by the appellee, the judgment of the trial court cannot stand. Such a prima facie case is not made out where no evidence is before the court.

For the reasons stated, the judgment is reversed and the cause is remanded.