Larry Dale BECK, Appellant,

v.

Vouncia Beck WINEGEART, Appellee.

No. 8163.

Court of Civil Appeals of Texas,
Amarillo.

Aug. 23, 1971.

Harris E. Lofthus, Amarillo, for appellant.

Naomi Harney, Robert H. Sparks, Jr., Amarillo, for appellee.

ELLIS, Chief Justice.

This is an appeal from a judgment of the trial court ordering the defendant-appellant to make child support payments in a Reciprocal Enforcement of Support proceeding. Reversed and remanded.

Plaintiff-appellee, Vouncia Beck Winegeart, and defendant-appellant, Larry Dale Beck, were divorced on June 8, 1964, in El

Paso County, Texas, and in such divorce proceeding, the custody of two minor children was awarded to the appellee. In August of 1970, plaintiff-appellee appeared before the Thirty-first District Court in Gray County on a child support hearing. The action fell within the scope of what is commonly called the Uniform Reciprocal Enforcement of Support Act, Vernon's Annotated Texas Civil Statutes Article 2328b–4 (Supp.1970–71). The District Court of Gray County made a finding of need for child support in the amount of $250 per month for two minor children. Under the provisions of the Uniform Reciprocal Enforcement of Support Act, the matter was forwarded to the Forty-Seventh District Court of Potter County for a hearing to determine whether the appellant had a duty of child support and to set the support in accordance with defendant's present conditions. The Forty-Seventh District Court found a duty of support and set the amount at $250 per month.

Appellant asks this Court to find Section 31 of Article 2328b–4 unconstitutional and void on the basis of an alleged contravention of Article III, Section 35 of the Texas Constitution, Vernon's Ann.St. which reads as follows:

"No bill * * * shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed."

A very brief history of the Uniform Reciprocal Enforcement of Support Act in Texas will serve to clarify appellant's contention and our holding.

The Texas legislature in 1951 enacted the original Uniform Reciprocal Enforcement of Support Act as approved by the National Conference of Commissioners on Uniform State Laws, and the American Bar Association in 1950. Acts 1951, 52d Legislature, p. 643, Ch. 377. The title for the Texas Act consisted of the words, "An act relating to uniform reciprocal enforcement of the duties of support imposed by law," followed by twenty-two descriptive phrases of each and every section of the act. The first Texas Uniform Reciprocal Enforcement of Support Act, as adopted, and its rather lengthy and detailed title or caption, related wholly to the subject matter or objective of accomplishing *interstate* reciprocal enforcement of support. Neither the caption nor the act contained any provision regarding *intrastate* enforcement.

In 1952, the National Conference of Commissioners on Uniform State Laws and the American Bar Association approved a "revised" Uniform Reciprocal Enforcement of Support Act, which was adopted by approximately twenty-nine states in substantially similar form (including those states which merely amended the 1950 Act to conform to the 1952 amendments) (Texas not included). 9C Uniform Laws Annotated 9 (Supp.1967). The "revised" 1952 Act likewise did not deal with *intrastate* enforcement of support. Then, in 1958, the National Conference and American Bar Association approved a third Uniform Reciprocal Enforcement of Support Act— and the legislatures of at least seven states including Texas have since repealed the 1950 or 1952 Act on the books in their states and enacted the 1958 Act in its place. 9C Uniform Laws Annotated 38 (Supp. 1967). It is here noted that the 1958 Act contained a provision dealing, for the first time, with *intrastate* or intercounty or interdistrict enforcement of support, as set out in Section 32 thereof. This provision was set out in Section 31 in the new Texas Act, which was enacted in 1965. Acts 1965, 59th Legislature, p. 1561, Ch. 679. The 1965 Texas Uniform Reciprocal Enforcement of Support Act was enacted with the brief title, "An act concerning uniform reciprocal enforcement of support; repealing Chapter 377, Acts of the 52d Legislature, Regular Session, 1951, as amended; and declaring an emergency."

Although appellant's point of error refers to an alleged error of the court in denying his "motion to dismiss for lack of jurisdiction," it appears that the contention should be construed to the effect that when the Texas Legislature enacted the 1965 Act, including Section 31 on interdistrict enforcement of support, under the above caption, it violated Article III, Section 35 of the Texas Constitution, supra. We do not agree.

We are dealing in this instance with a new bill which repeals former legislation—as opposed to an amendatory act of a still-valid statute. We, therefore, deal with the statute as an original enactment, and test its caption by those rules applicable. In the case of Bitter v. Bexar County, 11 S.W.2d 163, 168 (Tex.Com.App.1928), the court stated the guiding principle with respect to the purpose to be accomplished in the title or caption of an act in the following language:

"* * * if in the caption a purpose be but generally stated, that gives sufficient notice that all related and incidental matters may have attention in the body of the act; statement of the ultimate object will include warning of presence of details appropriate to achievement of the purpose. * * * Likewise, the two-subject inhibition (section 35, art. 3) is observed if the two things have mutual relevancy or individual relevancy to accomplishment of a general purpose. * * *"

Thus, it is generally recognized that the purpose of the provision in Article III, Section 35, relating to caption is to rea-sonably apprise legislators of the contents of a bill. Yeary v. Bond, 384 S.W.2d 376 (Tex.Civ.App.—Amarillo 1964, writ ref'd n. r. e.). This section contemplates that the title of legislation should be brief, and although titles frequently are extensive and include an index, synopsis or details of the bill, this section does not require the long caption. Atwood v. Willacy County Navigation District, 284 S.W.2d 275 (Tex. Civ.App.—San Antonio 1955, writ ref'd n. r. e.) and Bitter v. Bexar County, supra. If the caption of a bill discloses its contents, no more is required. Falkner v. Allied Finance Company of Bay City, 394 S.W.2d 208, 215 (Tex.Civ.App.—Austin 1965, writ ref'd n. r. e., in an opinion at 397 S.W.2d 846). Since the ultimate subject of the bill is expressed in its title, any provision that is germane, reasonably incidental, subsidiary or connected, pertinent or relevant to the declared subject will be upheld. Consolidated Underwriters v. Kirby Lumber Co., 267 S.W. 703 (Tex.Com.App.1924). The caption of the statute now before us discloses the contents of the bill, and the legislation contains only one purpose—uniform reciprocal enforcement of support—whether it be interstate or interdistrict within a state.[1] As stated in Section 1 of the Act, "The purposes of this Act are to improve and extend by reciprocal legislation the enforcement of duties of support and to make uniform the law with respect thereto." Tex.Rev.Civ.Stat.Ann. art. 2328b–4, Section 1. We conclude, therefore, that the present Texas Uniform Reciprocal Enforcement of Support Act does not contravene the provisions of Article III, Section 35 of the Texas Constitution. Appellant's point urging error in the trial court's denial of his motion to dismiss for want of jurisdiction is overruled.

1. It is perhaps significant to note that at least six other states have adopted Section 32 of the Uniform Reciprocal Enforcement of Support Act (Texas' Section 31) as a part of the uniform statute, apparently believing it to be of the same subject matter, after repealing the prior uniform act. 9C Uniform Laws Annotated 41 (Supp. 1967). Many other states merely amended their prior statutes to conform to the 1958 act, including Section 32.

■ Appellant's second point of error, as to the denial by the trial court of a jury trial on the issues raised in his original answer is not well-founded, since the record does not indicate that a timely motion for jury trial was made. Rule 216, Texas Rules of Civil Procedure.

■ Appellant next urges, in his third point, that the trial court erred in "taking judicial notice of the record as received from Gray County, Texas." We deem it appropriate to construe such point as a contention of "no evidence" to support the judgment of the trial court. Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478, 482 (1943). The statements made in the certificate of the initiating court in a reciprocal proceeding are not evidence in a hearing such as that before us, Neff v. Johnson, 391 S.W.2d 760, 764 (Tex.Civ.App.—Houston 1965, no writ), Way v. Fisher, 425 S.W.2d 704, 705 (Tex.Civ.App.—Houston (14th Dist.) 1968, no writ), and after a careful review of the record, we find no evidence to support the trial court's finding that the defendant's present conditions warrant a judgment requiring the appellant to pay the sum of $250 per month for child support. The appellant's responsibility for child support may be said to have been established by the testimony of appellant himself at the hearing, but at no time during the hearing in the responding court did the court or any attorney elicit any evidence as to appellant's present employment status or earnings or other matters pertinent to his present ability to pay child support. The only statement disclosed by the record concerning the financial condition of appellant is an allegation made by appellee by way of her petition in the initiating court to the effect that appellant "is employed by a trucking company—company name unknown."

In view of the foregoing, the judgment is reversed and the cause remanded to the trial court.