## T. P. DUNCAN v. SMITH BROTHERS GRAIN COMPANY.

No. 3979. Decided, April 23, 1924.

(260 S. W., 1027.)

1.—Judgment—Injunction—Service of Process—Defense and Diligence.

Where a judgment recites due citation of defendant, in order to main-
tain injunction on the ground that he was not so cited he must show that
he had a good defense against the cause of action asserted, that he was
not duly cited to answer it, and, if he knew of the judgment in time, he had

valid excuse for not pursuing his legal remedy by motion for new trial. See facts held insufficient to entitle defendant to such remedy in equity. (Pp. 561, 562).

#### 2.—Same—Case Stated.

Suit was brought against the Texas Grain & Hay Company, alleged to be a corporation, and citation served on its alleged president D., who, it was found, did business under that name, but not incorporated, and knew the particulars of plaintiff's claim. He made no answer or appearance; and plaintiff, amending, alleged that such Hay & Grain Co. was not a corporation, but a partnership composed of D. and One H. On this amended petition plaintiff at once took judgment against D. personally and the alleged partnership. Garnishment on this judgment issued against a corporation in which D. owned stock, and he brought suit to enjoin the sale thereof under the garnishment, of which proceeding he had notice before the expiration of the term of court at which judgment against him was rendered. *Held* that injunction was properly denied because: (1) no defense against the justice of the judgment was shown; and (2) D. had not pursued his legal remedy against it by motion for new trial. (Pp. 558, 563).

#### 3.—Case Distinguished.

Perry-Rice Gro. Co. v. W. E. Craddock Gro. Co. 34 Texas Civ. App., 422, distinguished from this case. (P. 563).

Question certified from the Court of Civil Appeals for the Second District, in an appeal from Tarrant County.

The Supreme Court having referred the question certified to the Commission of Appeals, Section A for its opinion thereon, here adopts same as its answer to the question.

*Street & Coston,* for appellant.

Revised Statutes of 1911 provides in express terms that no judgment should be entered against any defendant unless upon service or acceptance or waiver of process or upon an appearance by the defendant. It seems that the citation of said Statute would be all that would be necessary for us to incorporate in this brief, but we cite: I. & G. N. Railway Co. v. Howell, 101 Texas, 603; Gillis v. Miners Bank, 184 S. W., 284; Hill v. The State, 190 S. W., 255; Palmer v. Spandenberg, 50 Texas Civ. App., 565.

A citation which names as the defendant in suit, Texas Grain & Hay Company, a corporation, will not support a judgment against T. P. Duncan personally. Bickford v. Refugio L. & I. Co., 143 S. W., 1188; Mecca F. Ins. Co. v. Campbell, 145 S. W., 630; So. Pac. Co. v. Block, 847 Texas 21.

Where an amended petition is filed, setting up a new cause of action, additional process must be issued before judgment can be taken thereon. Southern Pac. Co. v. Block, 84 Texas 21; Morrison v. Walker, 22 Texas, 19; Pena v. Pena, 43 S. W., 1027; McRea v. Brown, 45 Texas, 507; DeWalt v. Snow, 25 Texas, 320; T. & G. N. R. Co. v. Howell, 101 Texas, 603.

Jurisdiction of the person to enter judgment by default is de-

termined by the fact of proper process and service and not by proof of identity

A citation being a written document must be conclusively held to convey its own meaning and that someone other tha'n the person or corporation named therein was intended to be served, cannot be shown.

The rule requiring the moving for a new trial and prosecution of an appeal or writ of error by defendant against whom a judgment is rendered before resorting to injunction or independent proceeding to vacate such judgment does not apply to one who is not properly a party to such litigation. Owen v. Cage & Crow, 101 Texas, 286; Baker v. Crosbytown R. Co., 182 S. W., 287.

*Smith & Smith,* for appellees.

It appearing that appellant herein, T. P. Duncan, defendant in cause No. 18207, constituted in whole or in part the Texas Grain & Hay Company, a trade name or a partnership, at the time the contract was made the breach whereof was the basis of said cause and at the time of the filing of the original petition therein and at the time of service of citation therein on him, and at the time judgment therein against him was taken; and it further appearing that the designation in said petition and citation in said cause of Texas Grain & Hay Company as a corporation was a mere misdescription of the real party defendant; and that the Texas Grain & Hay Company, as really constituted, was the party intended to be sued and cited in said cause; and it further appearing that the said T. P. Duncan, as president of Texas Grain & Hay Company, whatever its status, was the person actually served with such citation, and that he actually knew at the time, and on account of such service, that such were plaintiffs' intentions, an amended petition setting up the foregoing facts was sufficient, without the issuance and service of fresh citation, upon proof of such facts, to support a default judgment so reciting against T. P. Duncan individually  Goldstein v. Peter Fox Sons Co., 135 S. W., 180, 40 L. R. A. (N. S.), 566, and authorities therein cited; Western Ry. Co. v. Sistrunk, 85 Ala., 356; Ex Parte Nicroni, 103 Ala., 104; Williams v. Telephone Co., 168 S. W., 402; Telephone Co. v. Williams, 229 S. W., 847, Affirming decision in 168 S. W., 402; Anderson v. Zorn, 131 S. W., 835; Middlebrook v. Bradley Mfg. Co., 27 S. W., 169; Blumenthal v. Youngblood, 58 S. W., 290; Art. 1906, Subd. 7, R. C. S., 1911; Maddox v. Craig, 16 S. W., 328.

MR. JUDGE BISHOP delivered the opinion of the Commission of Appeals, Section A.

The Court of Civil Appeals for the Second Supreme Judicial Dis-

trict has certified the question as to whether it erred in affirming the judgment of the trial court as follows:

"On December 1, 1919, Bert K. Smith and J. A. Simmons, Jr., partners doing a grain and elevator business under the firm name of Smith Bros. Grain Company, filed suit in the county court of Tarrant County against the Texas Grain & Hay Company, alleged to be a corporation domiciled at Waco, McLennan County, Texas. The suit was for breach of contract and damages. Service was had on T. P. Duncan, recited in the officer's return to be president of the alleged corporation. On September 10, 1920, plaintiffs in that suit filed an amended petition, in which they alleged that the Texas Grain & Hay Company was a partnership, not a corporation, composed of T. P. Duncan and J. M. Haigler, both of whom resided in McLennan County. No answer was filed to the suit, and on September 10th, judgment was taken for plaintiff against the Texas Grain & Hay Company as a partnership and against T. P. Duncan, individually.

On November 4, 1920, the Smith Bros. Grain Company filed its application for garnishment against the Waco Mill & Elevator Company, and on January 3, 1921, the Waco Mill & Elevator Company answered said writ of garnishment and admitted that T. P. Duncan was the owner in said corporation of 1049 shares of stock of the par value of $100 per share. On January 13th, judgment was taken in the garnishment suit, and the county court of Tarrant county directed the sheriff or any constable of McLennan county to make a sale of the said shares of stock in the Waco Mill & Elevator Company belonging to Duncan, as under execution, for the purpose of satisfying the judgment. When the sheriff sought to levy on these shares of stock, T. P. Duncan applied to the Judge of the 74th judicial district of McLennan county for a writ of injunction, to restrain the plaintiffs in the former suit and the sheriff of McLennan county from taking any further action looking to the collection by forced sale or otherwise of the judgment theretofore obtained in the county court of Tarrant county, in the suit of Smith Bros. Grain Co. v. Texas Grain & Hay Company. In the petition for the injunction, Duncan alleged that the Smith Bros. Grain Company had sued the Texas Grain & Hay Company as a corporation; that the citation was delivered to him in the city of Waco, McLennan County, together with the duly certified copy of the original petition filed in the cause. That subsequently, on September 10, 1920, the plaintiff in that suit filed in the county court of Tarrant County its first amended original petition, wherein it was alleged that the Texas Grain & Hay Company was a partnership composed of T. P. Duncan and J. M. Haigler, and that they were doing business as partners under the firm name of the Texas Grain & Hay Company, and that said Texas Grain & Hay Company had been described er-

roneously in the original petition as a corporation and citation had issued therein and had been served upon T. P. Duncan. That said Duncan and Haigler, as partners, were the persons intended to be served with citation in said cause, and were the persons intended to be sued by plaintiff in said cause, and that Duncan well knew at the time of service of said citation that they were the persons, as partners, intended to be sued. He further alleged that no citation or notice was served on him of the amended original petition, and that subsequently judgment was awarded the Smith Bros. Grain Company in the Tarrant County court. That an attempt had been made to collect the judgment as heretofore mentioned. No denial was made of the justness of the debt, or of the fact that Duncan and Haigler had theretofore been doing business under the firm name of Texas Grain & Hay Company.

Upon the presentation of the application to Judge H. M. Richey of the 74th Judicial district, a temporary writ was granted. The defendants in the last mentioned suit, Bert K. Smith and J. A. Simmons, Jr., filed their plea of privilege to be sued in Tarrant County, and also a plea to the jurisdiction of the McLennan County district court. On June 11, 1921, the plea of privilege was sustained, and the cause transferred to the county court of Tarrant County, Texas, for Civil Cases. In that court defendants filed their amended plea to the jurisdiction of the court to grant an injunction or perpetuate an injunction theretofore granted, and Duncan filed his first amended original petition, in which he alleged that he was never at any time a partner of J. M. Haigler and never at any time had a personal interest in the business of the Texas Grain & Hay Company. He alleged that the judgment obtained in Tarrant County was null and void by reason of the facts pleaded in his petition and specially by reason of the fact that he had not been served with citation or notice of any amendment to the petition of the Smith Bros. Grain Company, in which the allegation was made that the Texas Grain & Hay Company was a partnership. Other pleadings were filed by defendants below. A judgment was rendered that the injunction theretofore granted by the 74th judicial district court should be vacated and dissolved, and the prayer that said temporary injunction should be perpetually denied. From this judgment, the plaintiff T. P. Duncan appealed to this court.

Findings of fact were filed by the trial court reciting the filing of the original suit by Smith Bros. Grain Company, the service of citation on T. P. Duncan as president of said Texas Grain & Hay Company, alleged to be a corporation. That no answer was ever filed in said cause, and that subsequently the Smith Bros. Grain Company filed an amended petition, in which it was alleged that the Texas Grain & Hay Company was a partnership composed of T. P. Duncan

and J. M. Haigler. That on September 10, 1920, judgment was awarded to the plaintiffs in that suit for $668.00, with interest. The court further found that Duncan was aware before the suit in Tarrant county was filed of the existence and alleged breach of contract which was the basis of said suit, and that Smith Bros. Grain Company was claiming damages against the Texas Grain & Hay Company. That Duncan knew at all times that the Texas Grain & Hay Company was not, and never was, a corporation. That a reasonably prudent person in the ordinary exercise of his judgment in the same situation as was the said Duncan should have known that a personal judgment would probably have been taken against him in said cause. That the time elapsing after the information was conveyed to the said T. P. Duncan by the sheriff of McLennan county of the personal execution against him, and before the end of the September term, 1920, of the county court, was sufficient in which to have moved for a new trial during that term. That the delay of the defendant Duncan in bringing action to vacate the judgment complained of was unreasonably long. That Duncan, having attempted to allege only one possible meritorious defense to the cause of action in the Tarrant county court, towit, that he was never interested in the Texas Grain & Hay Company, and having wholly failed to sustain such allegation by proof, that the judgment against him in the Tarrant county court was valid on its face and sustained by the facts found.

Duncan testified that during the World's War he lived at Waco and was president of the Waco Mill & Elevator Company; that he remembered service upon him of citation by Smith Bros. Grain Company against the Texas Grain & Hay Company. That he was never advised directly or indirectly that Smith Bros. Grain Company was claiming any personal liability against him, at least not prior to the time the writ of garnishment was served on him. That when the sheriff of McLennan county talked to him about the execution that he told the sheriff there was no such concern as the Texas Grain & Hay Company. That he had never been in partnership with J. M. Haigler and had never transacted business under the trade name of Texas Grain & Hay Company. That when the Food Administration took over and operated the flourmill that the Waco Mill & Elevator Company had traveling men. That it was not a question of selling flour, but a question of getting wheat to grind. That they had a number of traveling men whom they tried to place in good positions until the war was over in order to hold them. That Haigler had been a grain man, and he told Haigler that the Waco Mill & Elevator Company might be interested in letting him come into the office and take out a different license under the Food Administration and do some grain business. That the Waco Mill & Elevator Company, under the rules and regulations of the Food Administration, could

not do this, but it would finance the effort and split the profits. That thereupon an arrangement was made with Mr. Haigler and the Waco Mill & Elevator Company furnished the money to finance the Texas Grain- & Hay Company. That this arrangement was understood by the directors of the Waco Mill & Elevator Company. That they never did receive any profits, and the Waco Mill & Elevator Company paid the losses.

Upon a consideration of the appeal by this court, we affirmed the judgment of the court below, citing such cases as Harrison v. Crumb, Texas App., Civil Cases, Wilson v. White, vol. 1, p. 553; 1 Black on Judgments, (1891 edition) p. 255; Goldstein v. Peter Fox Sons Co., 135 N. W., 180; 40 L. R. A. (N. S.) 566, a North Dakota case; Williams v. Abilene Ind. Tel. & Tel. Co., 168 S. W., 402, by this court, and 229 S. W., 847, affirmed by the Supreme Court, and other cases cited in our opinion which we send herewith.

On motion for rehearing, appellant's counsel urge that there are two classes of cases dealing with changes of names of parties. That the first class includes cases where there is merely a misnomer or a defect in the description of the person sought to be sued. That the second includes cases where the change constitutes a substitution or an entire change of parties. That in the former cases, an amendment will be allowed; and that in the latter case it will not. It is sought to distinguish the cases cited in our original opinion from the case at bar. Appellant cites the cases of Leatherman v. Times Co., 88 Ky., 291, 11 S. W., 12; Schiele & Co. v. Dillard 94 Ark., 277, 126 S. W., 835; Palmer v. Item Publishing Co., 200 Pa., 186, 49 Atl., 786; Vinegar Bend Lumber Co. v. Chicago Title & Trust Co., 131 Ala., 411, 30 So., 776; Steiner Bros. v. Stewart, 134 Ala., 568, 33 S. W. 343, and the Texas case of Perry-Rice Gro. Co. v. W. E. Craddock Gro. Co., 34 Texas Civ. App., 422, 78 S. W., 966.

We have concluded that in this case we are in conflict with the holding in the last mentioned case, and because of that conflict, and in order to have the question authoritatively settled, we have deemed it advisable to certify to your Honors the following question:

Under the circumstances disclosed in the certificate and in the record sent herewith, did this court err in affirming the judgment of the trial court?"

The judgment which appellant Duncan here seeks to vacate recites due and legal service on him and is on its face apparently valid, and hence not subject to collateral attack. In order to enjoin execution of this judgment and have same set aside, it was necessary for him to show that judgment was rendered against him without any fault on his part. To do this he must show that he is not liable for the debt for which judgment was rendered; that he was not served with citation as required by law, or, if served, that he was not at

fault in failing to answer the suit of appellees; that he did not know of the judgment against him in time to have moved for a new trial in the court in which same was rendered, or, if he did know of such judgment, that he had some good and valid reason for not pursuing his legal remedy. This is a proceeding in equity. If he had a full and complete remedy at law, of which he failed to avail himself, he could not seek equitable relief, without showing some good reason for such failure.

He alleged that when the suit was instituted against the Texas Grain & Hay Company by petition alleging it to be a corporation, citation was duly served on him. He made no claim that Texas Grain & Hay Company was not indebted to the appellees in the sum recovered in the judgment. His only attempt at alleging a meritorious defense was to claim that he had no interest in the Texas Grain & Hay Company. The trial court found that he was the Texas Grain & Hay Company and was using that name as his trade name. He then knew when citation was served on him that appellees were mistaken in their allegation that Texas Grain & Hay Company was a corporation. He knew that he was the one that they were intending to sue, and he was charged with the knowledge that, if appellees should learn the truth as to the identity of the Texas Grain & Hay Company, they would amend their petition and seek recovery against him for his debt. By failing to deny the debt he in law admits it. He is therefore in no attitude to ask for equitable relief. Should the trial court have granted the relief sought on account of an error in permitting the amendment to the petition, in order to do equity, it would have been necessary for it to have rendered a like judgment against him for a like amount. The Court is not required to do a useless thing. The question as to whether the Court erred in rendering judgment by default on the amended petition, without requiring that citation be issued and served apprising the appellant of the amendment, is therefore immaterial. The judgment was on its face valid, and appellant failed to show that any other judgment should have been rendered, or that he was in any way injured. Brown v. Clippenger, 113 Texas, 364, 256 S. W., 254. House v. Collins, 42 Texas 493. Abilene Independent Tel. and Tel. Co. v. Williams, 111 Texas, 102, 229 S. W. 847.

Appellant failed to show that he was prevented from making his defense at the proper time without fault on his part. This was essential to the relief here sought. He knew this judgment was rendered in time to have applied for a new trial before the close of the term and has shown no excuse why this was not done. Coffee v. Ball, 49 Texas, 25; Hamblin v. Knight, 81 Texas, 355, 16 S. W., 1082, 26 Am. St. Rep., 818.

The case of Perry-Rice Grocery Co. v. W. E. Craddock Grocery Co., 34 Texas Civ. App., 422, 78 S. W., 966, which the Court of Civil Appeals has concluded is in conflict with its holding in this case, is not controlling here. That was not an equitable proceeding to enjoin the execution of a judgment valid on its face. In that case W. E. Craddock Grocery Co. sued Arbuckle Bros., of New York alleging in its original petition that Arbuckle Bros., was a corporation, and non-resident notice, together with certified copy of the original petition, was served on John Arbuckle. On the day the original petition was filed it also sued out a writ of garnishment against Perry-Rice Grocery Co. The garnishee answered that it was indebted to Arbuckle Bros., in the sum of $468.00. Thereafter, Craddock Grocery Co., amended its petition, in which it alleged that Arbuckle Bros., was a partnership firm composed of John Arbuckle and other parties to plaintiff unknown. No notice of the amendment was served on Arbuckle Bros. who did not answer, and on the same day the amendment was filed judgment was rendered against Arbuckle Bros. by default for the sum of $260.00, and against the garnishee on its answer for a like sum.

The garnishee sued out a writ of error to the Court of Civil Appeals, and the question at issue on appeal was whether the judgment rendered against Arbuckle Bros., under the facts stated, was sufficient upon which to predicate the judgment against the garnishee. That court did not hold, and we are sure did not intend to hold, that had judgment been rendered against the persons composing the co-partnership firm of Arbuckle Bros. reciting due service on them, and on its face valid, that they, or either of them, by suit in equity for injunctive relief and to vacate the judgment, by only showing that they were not cited to answer the amended petition, would be entitled to such relief.

In a suit against a partnership the persons composing the firm are necessary parties to authorize judgment either against them, or their interest in the firm property. While the statute provides that service on one partner would authorize a judgment against the one served and the firm, it is necessary that all partners be sued. It has been held that a dismissal as to some of the members of the firm has the effect of dismissing the firm, and leaves the court without authority to render judgment against the partnership or its property. Frank v. Tatum, 87 Texas 207, 25 S. W., 409; Glasscock v. Price, 92 Texas, 271, 47 S. W., 965; Burnett v. Sullivan, 58 Texas, 537. While the amended petition alleged that Arbuckle Bros., was a partnership, it did not make the persons composing the firm parties defendant, and the Court was not authorized to render judgment against Arbuckle Bros. and the garnishee could not be required to pay the judgment against it.

We therefore recommend that answer to the question here certified be that the Court of Civil Appeals did not err in affirming the judgment of the trial court.

The opinion of the Commission of Appeals answering certified question is adopted and ordered certified to the Court of Civil Appeals.