## SOUTHERN SURETY CO. v. TEXAS OIL CLEARING HOUSE et al.
### (No. 558–4298.)

(Commission of Appeals of Texas, Section B. April 7, 1926.)

**1. Judgment ⬅️415 — Relief in proceeding to enjoin execution of garnishment judgment on replevin bond held available, if such judgment is either void or voidable.**

Relief sought in proceeding to enjoin execution of judgment against surety on replevin bond in garnishment suit is available, if such judgment is either void or voidable, since proceeding is direct attack on it.

**2. Judgment ⬅️5—Judgment on replevin bond, regular on face, and rendered by court of competent jurisdiction, held not "void," though it may be "voidable."**

Judgment on replevin bond, in garnishment suit, regular on face, rendered by court of competent jurisdiction, with jurisdictional facts appearing on its face, is not "void judgment," which is one having no legal force or effect, though it may be "voidable" which is one apparently valid, but nevertheless, wanting in some respect.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Void Judgment.]

**3. Garnishment ⬅️235(I), 246—That no final judgment has been rendered in main case, being defensive plea of garnishee and surety, is foreclosed as to them by judgment.**

Though garnishee and surety on its replevin bond can plead and show in defense that no final judgment has been awarded in main case, this is defensive matter and theoretically is foreclosed by judgment against them; such judgment being conclusive, till set aside, that every defense was presented.

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Judgment ☞407(1) — Surety on replevin bond, in garnishment suit, held not entitled to have execution of judgment against it restrained, where it failed to move for new trial, appeal or bring error.**

Surety on replevin bond, in garnishment suit, who, with knowledge of judgment against it, failed to move for new trial, appeal, or bring error, held, precluded from obtaining injunction to restrain execution of such judgment.

**5. Judgment ☞447(1)—Execution of judgment against surety on replevin bond, in garnishment suit, will not be enjoined, where no meritorious defense was pleaded.**

Execution of judgment against surety on replevin bond, in garnishment suit, will not be enjoined, where no meritorious defense was pleaded, since retrial on merits, so that complete equity might be done, would be impossible under pleadings.

**6. Judgment ☞410 — Proceeding to enjoin execution of garnishment judgment on replevin bond is determinable by ordinary rules applicable to judgments.**

Proceeding to enjoin execution of garnishment judgment on replevin bond is determinable by ordinary rules applicable to judgments, for garnishment proceeding should be treated as separate case, though it is dependent on final procurement of judgment in parent case.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Proceeding by the Southern Surety Company against the Texas Oil Clearing House and others to enjoin the execution of a judgment. Judgment of the trial court refusing the injunction was affirmed (266 S. W. 529), and plaintiff brings error. Affirmed.

Bullington, Boone & Humphrey and Jno. B. King, all of Wichita Falls, for plaintiff in error.

T. F. Hunter and E. E. Fischer, both of Wichita Falls, W. L. Scott, of Olney, and Charles L. Black, of Austin, for defendants in error.

SPEER, J. This was a proceeding by plaintiff in error against defendant in error and others to enjoin the execution of a judgment rendered against it as surety upon a replevy bond in a garnishment suit wherein defendant in error was plaintiff and City National Bank of Wichita Falls, garnishee, was defendant. The trial court refused the injunction and the Court of Civil Appeals affirmed that judgment. 266 S. W. 529. In the main case judgment was rendered for defendant in error Texas Oil Clearing House against Central Stock Exchange, acting through its trustee, D. W. Young, but the validity of that judgment is attacked because the case was tried before W. E. Fitzgerald, a practicing attorney, acting as special judge by the consent and agreement of counsel for all parties to that suit, but who was not elected and sworn to try the case in accordance with the provisions of the statutes, and, fur-

thermore, that at the time he rendered the judgment Hon. Edgar Scurry, the legally qualified judge of the district, was then sitting, for which reason the special judge had no authority to act. The finality of the judgment was also attacked; it being alleged that an appeal had been duly perfected, for which reasons it is contended that the original judgment was void, and this judgment, being dependent thereon, was likewise void.

The opinion of the Court of Civil Appeals discloses that the attorney for the Southern Surety Company, this plaintiff in error, was notified of the rendition of the judgment against that company at the time it was rendered, and that no steps were taken to prosecute an appeal therefrom. The judgment appears to have been rendered by Judge Scurry, the regular district judge. The evidence shows that, though the attorney for plaintiff in error was in the courthouse at the time the judgment was rendered, no effort was ever made to set the judgment aside or to perfect any appeal. There is no contention either in the plaintiff in error's pleading, or in the evidence, that the surety company has any meritorious defense to the suit against it; the sole ground of relief being that the judgment is void because the judgment in the parent case was void for the reasons stated, or at least not final so as to support the judgment in the garnishment case.

[1] By way of a preliminary, we may say, we consider this proceeding as a direct attack upon the garnishment judgment rendered against plaintiff in error upon its replevy bond, and therefore the relief sought is available, whether such judgment be absolutely void or merely voidable. Crawford v. McDonald, 33 S. W. 325, 88 Tex. 626; Box v. Pierce (Tex. Civ. App.) 278 S. W. 226.

[2, 3] There has been much laxity in the opinions with respect to the use of the terms "void" and "voidable" as, applied to judgments. Strictly speaking, a void judgment is one which has no legal force or effect whatever. It is an absolute nullity and such invalidity may be asserted by any person whose rights are affected, at any time and at any place. It need not be attacked directly, but may be attacked collaterally whenever and wherever it is interposed. Usually it carries the evidence of its invalidity upon its face, while a voidable judgment is one apparently valid, but in truth wanting in some material respect; in other words, one that is erroneous. Such vice may be the want of jurisdiction over the person or other similar fundamental deficiency, but which vice does not affirmatively appear upon the face of the judgment. In this case the judgment attacked being regular upon its face, rendered by a court of competent jurisdiction, and the jurisdictional facts appearing upon the face of the judgment, it cannot be said the same is

void. The most that can be said is that it is subject to this direct attack for the error in proceeding when the judgment in the original case, upon which it is necessarily predicated, was either void or not final by reason of the appeal. Undoubtedly under our procedure in garnishment cases, the garnishee, and in this case its surety, could plead and show in defense that no valid final judgment had been rendered in the main case, without which, of course, defendant in error would not be entitled to its judgment. But clearly this is defensive matter, to be interposed in the ordinary way as a defense in bar of judgment against the garnishee or its surety. Theoretically, this very defense has been foreclosed by the judgment of the court against plaintiff in error. It has had its day in court, when it was afforded full opportunity of presenting every defense it had, and the judgment is conclusive (until set aside) that it did so. It is not void, but voidable.

[4] But the distinction between void and voidable judgments is not material to the decision of the question before us, since, whether the present judgment is void or voidable, the plaintiff in error is not entitled to set the same aside, or, what is the same thing, to perpetually enjoin its enforcement, without bringing itself within the rules of equity applicable to such proceedings. It is clear from the record that plaintiff in error knew of the rendition of the present judgment, and had ample time to have proceeded by motion for new trial or by appeal or writ of error to set it aside. Having thus at its disposal the option of at least three distinct legal remedies, it will not be permitted to neglect the exercise of such remedies and to resort to a court of equity to stay the enforcement of the law's decree. Its want of diligence is fatal. Galveston, etc., Ry. v. Ware, 11 S. W. 918, 74 Tex. 47; Gulf, etc., Ry. v. Rawlins, 16 S. W. 430, 80 Tex. 579; Texas-Mexican, etc., Ry. v. Wright, 31 S. W. 613, 88 Tex. 346, 31 L. R. A. 200; Duncan v. Smith, 260 S. W. 1027, 113 Tex. 555; Clayton v. Stephenson (Tex. Civ. App.) 254 S. W. 507 (writ refused).

[5] Moreover, as above indicated, there is no contention that plaintiff in error has a meritorious defense against plaintiff's demand. There is nothing in the pleading tendering a trial anew upon the merits, and for this reason also no other judgment could have been rendered than one against petitioner. The proceeding contemplated a retrial of the merits of the case, that complete equity might be done, and this was not possible under the pleadings. Brown v. Clippinger, 256 S. W. 254, 113 Tex. 364; Duncan v. Smith, 260 S. W. 1027, 113 Tex. 555; Cooper v. Cooper (Tex. Civ. App.) 260 S. W. 679 (writ refused); Roller v. Wooldridge, 46 Tex. 485; Overton v. Blum, 50 Tex. 417.

[6] In disposing of the case, we have treated the judgment in the garnishment case as distinct and apart from the judgment in the original case. This is as it should be. The statute contemplates that the garnishment proceeding shall be treated as a separate case, and it is so treated throughout, dependent, of course, upon the final procurement of judgment in the parent case, but, nevertheless, subject to a judicial inquiry and determination as other causes are. It has all the elements of a separate suit. It is separately tried, possibly in a different court, the judgment therein is not binding on the original defendant (unless made a party thereto, Johnson v. Hall [Tex. Civ. App.] 163 S. W. 399), either party may appeal as in ordinary cases, and, finally, the judgment rendered is enforced through the ordinary process of the court. The case, therefore, is determinable by the ordinary rules of judgments.

We recommend that the judgments of the Court of Civil Appeals and of the trial court be in all respects affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.