**STATE TRUST & SAVINGS BANK v.
FERGUSON SEED FARMS, Inc.**

No. 11574.

Court of Civil Appeals of Texas. Dallas.
Jan. 19, 1935.

Rehearing Denied Feb. 23, 1935.

O. H. Woodrow, of Sherman, for appellant.

F. L. Henderson, of Bryan, for appellee.

LOONEY, Justice.

State Trust & Savings Bank, appellant, having recovered judgment in the county court of Grayson county against L. W. Stallings, garnished Ferguson Seed Farms, Inc., appellee, an alleged debtor of Stallings, the writ was returnable May 5, 1930. On its failure to answer, judgment by default was rendered May 6, 1930, against appellee for $295.88 and costs, upon which execution issued May 27, 1930, was placed in the hands of the sheriff of Grayson county, and by him was returned executed June 2, 1930, the return reading, "By serving on A. M. Ferguson, president of Ferguson Seed Farms, who claims he does not owe this debt," and matters rested until May 18, 1932, when appellee instituted this review proceeding. The grounds alleged for review are that the service of the writ of garnishment upon appellee, as shown by the officer's return, was invalid, and insufficient to authorize the judgment by default, and further that appellee had a meritorious defense, in that it did not owe Stallings, judgment debtor, any amount whatever, nor did it have in its hands effects belonging to him, nor did he own any stock in appellee corporation. Appellant answered by general denial, and specially pleaded that the service of process on appellee was in all respects valid, and that appellee was at the time indebted to Stallings in excess of the amount for which the judgment sought to be set aside was rendered.

The court below set aside and held for naught the default judgment against appellee, because "not supported by the service of citation (garnishment process) upon any person authorized by the statute upon whom due and legal service might be had," etc. From this order, the bank appealed. The case is before us on findings and conclusions by the trial court, and brief for appellant.

Appellant contends that the court erred in holding the service invalid, in that the undisputed facts show that the person served, to wit, John Maloney, was at the time a local agent of appellee. The facts are these: The sheriff's return reads, "Came to hand on the 7th day of February, 1930, and executed on the 7th day of February, 1930, by delivering to Ferguson Seed Farms, Inc., by serving John Maloney, manager, the within named garnishee, a true copy of this writ." Tested alone by the return of the officer, the service was insufficient, as "manager" is not named as a person upon whom service of process

may be had in suits against a corporation. Article 2029, R. S.; United States Fidelity, etc., Co. v. Daniel (Tex. Civ. App.) 52 S.W.(2d) 108. However, the facts, as found by the trial court, show that "the business of the Ferguson Seed Farms is largely a mail order business in the sale of seed. John Maloney was an employee of Ferguson Seed Farms on the day of service, and worked for the company four or five years. His duties were to keep the books, to write sales letters, to sell merchandise, to audit claims, and in the absence of the President, A. M. Ferguson, to look after the office details of the business. The President, A. M. Ferguson, was absent a great deal of the time. The office employees, in the absence of Mr. Ferguson, would look to John Maloney for direction and supervision of office details during the absence of Mr. Ferguson." These facts, in our opinion, show indisputably that Maloney was the "local agent" of appellee, within the meaning of the statute [National Hardware & Stove Co. v. Walters (Tex. Civ. App.) 58 S.W.(2d) 146], hence we hold that the service was valid, and that the trial court erred in its holding to the contrary.

■ We are also of opinion that appellee did not excuse its failure to pursue plain, adequate legal remedies before resorting to equity. Through its president, it had notice of the default judgment in time to have moved for a new trial before the adjournment of court for the term; furthermore, the vice in the service complained of was shown by the sheriff's return on the process, hence, being a matter apparent of record, could have been availed of on either direct appeal or on appeal by writ of error, but appellant pursued neither course, nor did it excuse its failure so to do. While the trial court correctly concluded that "the company (appellee) had an adequate remedy at law by motion for new trial during term time, by appeal and by writ of error, which it neglected to exercise," yet, after reaching this correct conclusion, which forbade recovery by appellee, we think the court erred in not denying the equitable relief sought.

The law on this subject was stated by the Waco Court of Civil Appeals, in Pass v. Ray, 44 S.W.(2d) 470, 471; the court said: "However, a bill of review to set aside a judgment entered at a previous term of court is an equitable proceeding, and the burden is on the petitioner to show that he has exhausted his legal remedy before resorting to equity. The general rule is that, where a judgment entered against a defendant is either voidable or void by reason of lack of jurisdiction over the

person of the defendant, and not for lack of potential jurisdiction over the subject-matter because of the amount in controversy or the particular kind of action, and the defendant learns that such judgment has been entered against him in time to file a motion for new trial and to appeal the case, but fails to do so, he is not entitled to invoke the equity jurisdiction of the court to set the judgment aside by a bill of review or by injunction. [Citing authorities.]" To the same effect see: Hamblin v. Knight, 81 Tex. 351, 16 S. W. 1082, 26 Am. St. Rep. 818; Duncan v. Smith Bros., 113 Tex. 555, 260 S. W. 1027; Southern Surety Co. v. Texas Oil Clearing House (Tex. Com. App.) 281 S. W. 1045; Brownson v. Reynolds, 77 Tex. 254, 13 S. W. 986; O'Neil v. Duffey (Tex. Civ. App.) 250 S. W. 772; Scott v. McGlothlin (Tex. Civ. App.) 30 S.W.(2d) 511.

Having reached the conclusion that the trial court erred, we have encountered some difficulty in determining the proper disposition to be made of the case, owing to a seeming conflict in the decisions. A bill of review presents two major issues—one embraces the reasons alleged for reopening the judgment complained of; the other includes issues involved in the original action. This idea is apparent from the reported cases. In Owens v. Foley, 42 Tex. Civ. App. 49, 93 S. W. 1003, 1005 (writ denied), it was said that "the universal practice is to require the plaintiff in such an action to set up, not only his reasons for reopening the judgment assailed, but to so plead as to enable the trial court to determine the issues presented in the original action and render such a judgment as will be an effective substitute for the judgment set aside. Overton v. Blum, 50 Tex. [417] 424; Roller v. Wooldridge, 46 Tex. 485; Taylor v. Fore, 42 Tex. 256." It has also been repeatedly said that it is error to try a review case by piecemeal. In Humphrey v. Harrell (Tex. Com. App.) 29 S.W.(2d) 963, 964, Commission A, through Judge Sharp, said: "The only relief to an injured party, other than by appeal, is by direct suit setting up equitable grounds for the relief sought. When such a petition for relief at a subsequent term is brought before the proper court, it is not contemplated that the cause shall be divided and tried by piecemeal; one in which a judgment is rendered setting aside the former judgment and the other in a trial on the merits, but every issue arising on the merits must be disposed of, and the relief prayed for is either denied or granted in the one proceeding. [Citing authorities.]" Also in Hermann Hospital Estate v. Nachant (Tex. Com. App.) 55 S.W.(2d) 505, 506, Section A, through Judge Critz (ap-

proved by the Supreme Court), said: "By this proceeding a trial court may exercise its discretionary equity powers and grant relief by trying the entire bill in one proceeding or trial, wherein the right to set aside the former judgment and the issues of meritorious cause of action or defense are disposed of in one final judgment. In other words, a bill of review is an independent suit filed in a court of competent jurisdiction, and cannot be disposed of in sections by trying the issue of setting aside the original judgment in one proceeding or trial and the issue of meritorious cause of action or defense in another such proceeding or trial. There must be but one trial and one judgment. Humphrey v. Harrell, supra. We here refer to Judge Sharp's opinion in the Humphrey Case, supra, for full discussion and citation of authorities regarding the question above discussed."

In the instant case, the court disposed of but one phase of the case, that is, the judgment assailed was set aside, but the merits of the original controversy were left undetermined. We think the undisputed facts show that the court erred in setting aside the judgment, but, having done so, further error was committed in not disposing of the original cause on its merits. However, the question remains, In this status was the case appealable? We think so. In Boone v. Anderson (Tex. Civ. App.) 45 S.W.(2d) 629, a bill of review proceedings similar in all respects to the instant appeal, the Waco Court held that an order setting aside the judgment complained of was not a final appealable order, but interlocutory in nature; hence, the court dismissed the appeal. However, in the later bill of review, case of Hermann v. Nachant, supra, the trial court disposed of same on a piecemeal trial. The Supreme Court granted a writ of error, the case was reversed and remanded to the district court, the opinion by Judge Critz was approved by the Supreme Court, and nowhere was it intimated that the judgment appealed from, although upon only one phase of the review suit, was not final in the sense of being appealable. So, we conclude, on authority, that this appeal is to be treated as in ordinary cases, and that it is our duty to render such judgment as the court below should have rendered.

If a bill of review could be considered simply a motion for new trial, if the question could be narrowed to that, we would agree that an order, in response thereto, setting aside the judgment and reinstating the cause for retrial would be interlocutory in nature and not appealable; but as we have just seen, such is not the nature of a review proceeding. The bill constitutes plaintiff's petition in a new suit, involving, not only the reasons alleged for setting aside the judgment and reopening the case, but also the merits of the original cause, and we think that an erroneous judgment rendered in such a suit is just another erroneous appealable judgment.

As the undisputed facts show that appellee was not entitled to the equitable relief sought, the judgment below is reversed and will now be rendered for appellant.

Reversed and rendered.