## FERGUSON v. FERGUSON et al.

### No. 1725.

Court of Civil Appeals of Texas. Eastland.

Oct. 23, 1936.

E. V. Hardwick, of Stamford, and F. M. Robertson and Tom Davis, both of Haskell, for relator.

M. J. Baird, of Sherman, for respondents.

**FUNDERBURK, Justice.**

This is an original proceeding instituted in this court by Joe Lee Ferguson against A. M. Ferguson and his attorney, M. J. Baird. It is in terms an application for a "writ of prohibition" in which it is alleged that a suit filed in the district court of Haskell county on the 10th day of September, 1936, being cause No. 4668, entitled "Estate of Kate F. Morton, deceased, A. M. Ferguson, temporary administrator, A. M. Ferguson, individually, vs. Joe Lee Ferguson," constitutes an interference with the jurisdiction of this court in cause No. 1449, entitled Ferguson v. Ferguson, the opinion wherein is reported in 93 S.W.(2d) 513. Accompanying the application is a copy of the petition in said cause No. 4668 which consists of 71 pages, and more than as many again pages as exhibits attached to said pleading. Upon the filing of said application a notice to show cause was issued to the named respondents. All parties appeared and submitted the application upon oral argument by attorneys.

■ "The writ of prohibition is an extraordinary writ, issued by a superior court to an inferior tribunal to prevent the latter from assuming jurisdiction in a matter over which by law it has no control, or from exceeding its jurisdiction in a matter of which it has taken cognizance." 33 Tex.Jur. p. 923, § 1, and authorities cited. The only respondents named in the application being those above stated, not including the district court, or even the judge thereof, it is readily apparent that the application cannot be granted as a technical writ of prohibition, regardless of any other merits it may possess. As further said by the same authority above cited, prohibition "is substantially a proceeding between two courts, a superior and an inferior, and is the means by which the superior tribunal keeps the inferior within the limits of its rightful jurisdiction." 33 Tex.Jur. p. 931, § 8.

■ In pointing out the distinction between prohibition and injunction it is said "* * * the vital distinction is that injunction operates only upon individuals when used to require a desistance from prosecuting a suit or proceeding, while prohibition runs against the court to require cessation from the exercise of jurisdiction." 33 Tex.Jur. p. 924, § 2.

■ But, since in a proper case our authority and duty to issue injunctions to protect our jurisdiction is the same as our power and duty to issue writs of prohibition, we have concluded that merely designating the relief sought as "prohibition" instead of "injunction" should be regarded as immaterial, and if the right to relief by injunction be clearly manifest by the application it should be granted.

On the question of whether relator's application, treated as one for an injunction, shows a right to such a writ, the following rules and principles are deemed applicable:

■ There is now no lawful procedure for the mere granting of a new trial in a case after the close of the term in which a final judgment has been rendered and entered. Wear v. McCallum, 119 Tex. 473, 33 S.W.(2d) 723; Winters Mut. Aid Ass'n v. Reddin (Tex.Com.App.) 49 S.W. (2d) 1095, 1096. To this rule there is one statutory exception not applicable here. R.S.1925, art. 2236.

■ At one time the law was interpreted to permit a party seeking by a suit in equity to set aside a void judgment as distinguished from a merely voidable judgment to maintain such action without showing a meritorious defense or other matters required by the principles of equity. Edrington v. Allsbrooks, 21 Tex. 186; Galveston, H. & S. A. Railway Co. v. Ware, 74 Tex. 47, 11 S.W. 918. But in the subsequent case of August Kern Barber Supply Co. v. Freeze, 96 Tex. 513, 74 S.W. 303, the decisions so holding were declared to have application only to judgments in cases wherein the record affirmatively disclosed the invalidity of the judgment.

■ Judgments, the invalidity of which affirmatively appears of record, are subject to collateral attack. Crawford v. McDonald, 88 Tex. 626, 33 S.W. 325. Practically, there is no distinction between void and voidable judgments except void judgments in cases wherein the invalidity affirmatively appears of record, thereby rendering same subject to collateral attack.

■ As to the right to set aside void judgments, a good statement of the law is as follows: "Invalidity of the judgment for want of jurisdiction either of the person or of the subject matter, or of the question determined and to give the particular relief granted, rendering the judgment void, as distinguished from merely voidable, or erroneous, is ground for

vacating it, at any time before or after expiration of the term at which it was rendered, without limitation of time other than such as may be expressly prescribed by statute." 34 C.J. p. 268, § 492. As to the right to set aside judgments not void but voidable for fraud or collusion, the same authority declares, as follows: "The fact that a judgment was obtained through fraud or collusion is universally held to constitute a sufficient reason for opening or vacating such judgment in a proper form of proceeding, either before or after the term at which it was rendered, courts of record possessing an inherent common-law power in this behalf. * * * The authority to set aside judgments for this cause after the term is limited to cases where the fraud complained of was practiced in the very act of obtaining the judgment, and all cases of fraud which might have been used as a defense to defeat the action are excluded; the fraud must be extrinsic and collateral to the matter tried, and not a matter which was actually or potentially in issue in the action, unless the interposition of such defense was prevented by fraud, accident, or the act of the opposite party without fault or blame on his part." 34 C.J. 278, § 496. Reed v. Bryant (Tex.Civ.App.) 291 S.W. 605.

■ If a void judgment be not void on the face of the record thereby subjecting it to the liability of collateral attack, it can be set aside after the close of the term, with the exception already noted only by a suit in equity in the nature of a bill of review. In such a suit the pleadings must tender the necessary issues to enable the court to adjudicate the matters in litigation and attempted to be settled by the judgment under attack. Southern Surety Co. v. Texas Oil Clearing House (Tex.Com.App.) 281 S.W. 1045; Brown v. Clippinger, 113 Tex. 364, 256 S.W. 254; Duncan v. Smith Bros. Grain Co., 113 Tex. 555, 260 S.W. 1027; House v. Collin, 42 Tex. 486, 493; Abilene Ind. Telephone Co. v. Williams, 111 Tex. 102, 229 S.W. 847. As otherwise said, it is the purpose and function of a bill of review to have a determination of the merits of the whole controversy. Wear v. McCallum, supra; Winters Mut. Aid Ass'n v. Reddin, supra, and the authorities therein cited.

The true test to determine the question of whether a suit to set aside a final judgment after the term and after such judgment upon appeal has by affirmance become the judgment of the appellate court, is whether or not it seeks to relitigate the same matters actually or potentially in issue in the prior suit. "The rule is well settled that, if it appears that the matters complained of in the equitable suit to vacate the original judgment could have been presented to the trial court in the original proceedings, and brought up by appeal for review, a suit in equity to vacate the judgment would not lie. * * * Of course litigants will not be permitted to review in the suit in equity to vacate the original judgment any matters involved in the appeal, or that could have been brought up by appeal in the original proceedings." Winters Mut. Aid Ass'n v. Reddin, supra. The rule or test thus declared applies to jurisdictional questions. "Error in the determination of questions of law or fact upon which the court's jurisdiction in the particular case depends, the court having general jurisdiction of the cause and the person, is error in the exercise of jurisdiction." 33 C.J. p. 1079, § 39. A decision in a suit that the court had jurisdiction is conclusive of that question in a direct proceeding by the same parties to have the decree set aside. Hall v. Lowther, 22 W.Va. 570.

■ It is our conclusion, deducible, we think, from the principles discussed, that if a party to a suit to set aside a judgment affirmed by an appellate court seeks by such suit to relitigate a substantial part of the very matters involved in the prior suit, even though joined with matters not so involved, the prosecution of such suit constitutes an interference with the jurisdiction of the appellate court. This conclusion is greatly strengthened if in addition it appears that the plaintiff's pleadings in such suit are insufficient to state any cause of action.

In cause No. 4668, the prosecution of which is sought to be enjoined, the greater part, by far, of the matters alleged present the same contentions which were made in the former suit, and which the judgment under attack foreclosed against the respondent A. M. Ferguson. The petition states no cause of action. It makes no pretense of setting forth facts necessary to enable the court to render one judgment determining the matters in controversy involved in the former suit. The petition seeks no more than a setting aside of the judgment, leaving the matters in controversy wholly unsettled.

The only allegations in respondent's petition in said suit presenting matters which were not actually involved in the prior suit are to the general effect that the judgment in the prior suit sustaining certain special exceptions and also the final judgment on the merits, were rendered in Sweetwater, outside the county and judicial district in which the court was authorized to sit. These allegations are so general and lacking in specificness as probably to show that they are mere conclusions which a recitation of the real facts would show to be unwarranted. It may be conceded that if the only judgment in the case was in truth and fact one so rendered as alleged it would be void. Isbill v. Stovall (Tex.Civ.App.) 92 S.W.(2d) 1067. But, if so, no facts are alleged to show that respondent could not have had that question determined upon the appeal. There is no allegation to the effect that he did not have knowledge of the alleged facts in time to have a bill of exceptions in the record showing such action. It will not be presumed that a bill of exceptions if requested, would not have been allowed, provided the facts were as alleged. Therefore, that question was potentially involved in the appeal.

There is another reason why it seems to us said respondent should not be permitted to relitigate the subject-matter of the former suit because of the mere averments that judgment was not rendered in open court at the county seat of Haskell county where only it was authorized to sit. The judgment was rendered October 23, 1933. It recited the appearance of the parties and "that A. M. Ferguson then and there in open court excepted and gave notice of appeal." Long subsequent, a motion in this court to affirm the judgment on certificate was overruled on the ground that by the failure of the record to show that A. M. Ferguson in the capacity of temporary administrator had in open court given notice of appeal this court appeared to have no jurisdiction to affirm such judgment. A subsequent motion to affirm on certificate was supported by an amended record showing a motion by the respondent Ferguson made in the trial court requesting that the judgment of the court be corrected to show that A. M. Ferguson, temporary administrator of the estate of Kate F. Morton, deceased, as well as in his individual capacity, in open court excepted and gave notice of appeal. This motion was sustained by the trial court and the judgment accordingly corrected on May 14, 1934, at a time when every fact alleged in the suit now under consideration was certainly known to said respondent. With knowledge of the true facts, respondent, by said motion, requested the court to reaffirm that upon rendition of the judgment in open court in Haskell county he excepted and gave notice of appeal in both capacities. It is difficult to imagine a clearer case of judicial estoppel.

It is, therefore, our conclusion that a writ of injunction should be issued commanding the respondents to desist from further prosecution of said cause No. 4668 on the docket of the district court of Haskell county, Tex., and commanding the said A. M. Ferguson to desist from instituting and further maintaining in any capacity in any court any suit, the purpose of which is to attack the validity of the judgment heretofore rendered in this court in cause No. 1449, styled Ferguson v. Ferguson, and to desist from, in any way, interfering with the due execution of such judgment, and it is accordingly so ordered and adjudged.

GRISSOM, J., disqualified and not sitting.