**FENNER & BEANE et al. v. TATUM.**

No. 2089.

Court of Civil Appeals of Texas.  Waco.
May 25, 1939.

Smithdeal, Shook & Lefkowitz, of Dallas, for appellants.

W. W. Mason, of Mexia, and McClellan, Lincoln & Jones, of Waco, for appellee.

ALEXANDER, Justice.

This suit was brought by C. L. Tatum against the firm of Fenner & Beane and E. H. Hulsey and M. S. Mullens, Jr., to recover damages for breach of contracts growing out of the purchase and sale of certain corporate stock certificates. A trial before a jury resulted in judgment for plaintiff. The defendants, E. H. Hulsey and Fenner & Beane, appealed.

We have reached the conclusion that the judgment of the trial court must be reversed because of the lack of evidence to prove that plaintiff suffered any damages as a result of the breach of contract, and the absence of a finding by the jury as to the amount of such damages, if any. After alleging that Fenner & Beane, a co-partnership, were stock brokers engaged in buying and selling stocks and bonds with an agent in the person of M. S. Mullens, Jr., of Waco, plaintiff further alleged as follows:

"On July 7, 1933, he purchased 300 shares of Texas Pacific Coal & Oil Company at 5½, amounting to $1672.50, paying therefor the sum of $1000.00, evidenced by credit due this plaintiff in the sale of Pure Oil Stock in another transaction, leaving due thereon $672.50; that on July 26, 1933, he bought from M. S. Mullens, Jr., 35 shares of Texas Corporation, paying therefor 23-⅛, amounting to $814.38, which he paid for by check; that on August 18, 1933, he purchased 50 shares of Consolidated Oil at a price of 12½, amounting to $631.25, and on February 10, 1934, he sold 50 shares of Consolidated Oil, getting therefor $12.00 a share or $529.25, which loss of $400.00 was carried as an open account along with the balance due on the Texas Pacific Coal & Oil Company stock but which account was secured by the Texas Corporation stock which was paid for at the time of its purchase but permitting the same to remain with M. S. Mullens, Jr.; that thereafter on February 16, 1934, he purchased 100 shares of American Power & Light at $11.00 per share, agreeing to pay $1112.50 therefor, leaving up his Texas Corporation stock as security; that on October 1, 1933, Texas Corporation paid a dividend on his stock of $8.75, which was M. S. Mullens, Jr., and credited to account and on January 1, 1934, the Texas Corporation again paid a dividend on said stock of $8.75, which was credited on his account, and that after balancing said account that he owes $1829.50 on his open account.

"Plaintiff says that in April 1934, by letter, he demanded delivery of M. S. Mullens, Jr., and of Fenner & Beane all of the stocks above set out and enumerated that had not been sold on his order and tendered together the balance due as shown by their account $1829.50; that M. S. Mullens, Jr., and Fenner & Beane did not respond to said demand upon calling on M. S. Mullens, Jr., at Waco, Texas, was unable to see him but was advised at the office that he was unable to make delivery; that thereafter he went to Fenner & Beane's office at Dallas, Texas, and demanded delivery of the stock and was advised by Fenner & Beane that there was no connection between the two offices and they denied any liability for any delivery of said stock and the plaintiff does now tender into this court the sum of $1829.50 due upon his account to be paid upon delivery of the stock above set out and enumerated.

\* \* \* \* \* \*

"Wherefore, plaintiff prays the court that citations issue commanding the defendants, and each of them, to appear and answer this suit, that upon a hearing of this case that he be given a joint and several judgment against the defendants, and each of them, for delivery of the stocks purchased by him, and in the alternative that he be given judgment for his damages above set out, amounting to $1831.88; \* \* \*"

No evidence was introduced to show the value of the stock in question at the time of the alleged conversion or failure to deliver same nor at any other time. The court submitted to the jury issues for the purpose of determining whether M. S. Mullens, Jr., was an agent of Fenner & Beane, but did not submit any issue for the purpose of determining the extent of the damages, if any, suffered by the plaintiff. The court rendered judgment for plaintiff for the sum of $2,221.50, that apparently being the total amount paid by plaintiff to M. S. Mullens, Jr., in all the transactions in question, with interest thereon to the date of judgment.

■ There appears to have been several separate and distinct transactions between the plaintiff and defendants by which the defendants either bought or contracted to buy stock for plaintiff. If the defendants' agent received money from the plaintiff to be used in the purchase of stock but failed to so use the same, or if he sold any of plaintiff's stock at plaintiff's request and thereafter retained the money and refused to deliver same to plaintiff, the plaintiff, if he so elected, could recover such money with interest. But here, according to plaintiff's allegations, at least a part of the stock in question was actually purchased for plaintiff's account and by agreement was allowed to remain with the defendants' agent as collateral for a balance due on open account. Under these circumstances, the transaction between plaintiff and defendants for the purchase of such stock was completed and the plaintiff became the owner of such stock subject, of course, to a lien in favor of defendants to secure the payment of any balance for which the stock was pledged. Since plaintiff thereby became the owner of the stock, any fluctuation in the value thereof would affect plaintiff only. If thereafter the defendants refused to account to plaintiff for the stock upon tender of the balance due, the plaintiff would not be entitled to rue the several transactions and recover the amount originally paid in by him, but would be entitled to maintain an action for delivery of the stock or for conversion thereof. The measure of his damages for conversion would be the difference between the value of such stock, with interest, less the amount owing on the open account for which the stock was pledged as collateral. 42 Tex.Jur. 575; 65 C.J. 149; Early-Foster Grain Co. v. Mid-Tex Oil Mills, Tex.Civ.App., 208 S.W. 224; 3 Tex.Law Rev. 44. Since the evidence wholly fails to show the value of the stock alleged to have been so converted and there is no finding by the jury on that issue, the judgment of the trial court must be reversed.

■ For the purpose of proving that M. S. Mullens, Jr., had authority to represent Fenner & Beane, Mrs. Lincoln, a witness for the plaintiff, was permitted to testify over the defendants' objection that it had been communicated to her that M. S. Mullens, Sr., assistant manager of Fenner & Beane, had told others that M. S. Mullens, Jr., was an agent and representative of Fenner & Beane. The statement of facts does not make it clear whether M. S. Mullens, Sr., made these statements to others in Mrs. Lincoln's presence or whether those to whom such representations were made by M. S. Mullens, Sr., communicated same to Mrs. Lincoln. Upon another trial, if it should develop that the statements were made by M. S. Mullens, Sr., in Mrs. Lincoln's presence, she should be permitted to testify thereto. On the other hand, if these statements were communicated to Mrs. Lincoln by some third party, same would be hearsay and inadmissible.

■ In view of another trial, we deem it proper to call attention to the fact that the plaintiff has apparently treated the co-partnership of Fenner & Beane as a legal entity and has undertaken to sue and recover judgment against it as such instead of seeking recovery against those constituting the firm. In this connection, the plaintiff alleged as follows: "Now comes C. L. Tatum, a resident citizen of Mexia, Limestone county, Texas, hereinafter styled plaintiff, complaining of Fenner & Beane, a co-partnership of New Orleans, Louisiana, New York, New York and Dallas, Texas, and of which are partners Chas. E. Fenner, A. C. Beane, E. H. Hulsey (and naming twenty-five others) and M. A. Flynn; and complaining further of M. S. Mullens, Jr., trading under the firm name and style of Waco Securities Company * * * and of E. H. Hulsey individually * * * and upon whom service of citation may be had individually and for said co-partnership * * *." The judgment recovered by plaintiff read, in part, as follows: "It is accordingly ordered, adjudged and decreed by the court that the plaintiff, C. L. Tatum, do have and recover of and from E. H. Hulsey, the partnership known and designated as Fenner & Beane, and of M. S. Mullens, Jr., jointly, the sum of $2221.-50 * * *." The evidence showed that at the time of the beginning of the transactions in question between plaintiff and M. S. Mullens, Jr., the alleged agent of the firm in question, said firm operated under the name of Fenner, Beane & Ungerleider; that Ungerleider dropped out of the firm on October 31, 1933, and thereafter the firm was known as Fenner & Beane. A number of changes took place in the membership of the firm from that time up to the

conclusions of plaintiff's transaction in April 1934. We think it apparent from plaintiff's pleadings and the judgment of the court that the plaintiff sought and recovered judgment against Fenner & Beane as a legal entity, independent of those composing the firm, and without regard to the change in membership from time to time during the transactions in question. The pleadings also show that although the firm was composed of numerous members, the plaintiff sued only one of them, E. H. Hulsey, as a defendant. The rule in Texas is that a partnership is suable and may sue, not as an entity in its firm name but only by or in the name of the partners composing the firm, and a suit against a firm must be against all the members thereof. 32 Tex.Jur. 375, 391, 421; Frank v. Tatum, 87 Tex. 204, 25 S.W. 409; Glasscock v. Price, 92 Tex. 271, 47 S.W. 965; Duncan v. Smith Bros. Grain Co., 113 Tex. 555, 260 S.W. 1027, par. 3; Fenner, Beane & Ungerleider v. Donosky, Tex.Civ.App., 62 S.W.2d 269, par. 8. This defect can and doubtless will be removed upon another trial.

█ Appellants seriously contend that we should reverse the judgment of the lower court and here render judgment in their favor because of the lack of evidence to prove that M. S. Mullens, Jr., was an agent with authority to bind Fenner & Beane. We had a companion case before us, Fenner & Beane v. Lincoln, Tex.Civ.App., 101 S.W.2d 305, and we there held the evidence insufficient. However, we think plaintiff has made out a better case in this instance. There was evidence that M. S. Mullens, Sr., assistant manager of Fenner & Beane, who was charged with the duty of securing and handling new business for the firm, told numerous individuals, including plaintiff, that M. S. Mullens, Jr., was an agent of the firm and that the office maintained by him at Waco was a branch office of the firm. These statements were made in line of duty, while soliciting new business and directing customers where to go in order to place their business with the firm. It was in response to such representations by the assistant manager that Mr. Tatum was induced to place his business with M. S. Mullens, Jr. It was also shown that the postoffice box at Waco, which was used by M. S. Mullens, Jr., was in the name of Fenner & Beane; that M. S. Mullens, Jr., managed to a certain extent the Fenner & Beane bank account at Waco, and that many transactions begun with M. S. Mullens, Jr., at Waco, were concluded in Dallas with the defendant firm. In addition, E. L. Cartwright, manager of the Dallas branch of the firm, on one occasion represented to a witness that M. S. Mullens, Jr., was an agent of the firm, and that the office maintained by him at Waco was a branch office of the firm. It is true that M. S. Mullens, Sr., was not shown to have had authority to appoint an agent, and that the defendant firm now denies that M. S. Mullens, Jr., was ever authorized to represent the firm. However, these continuous declarations by both the manager and assistant manager of the firm, made in line of their duty, constitute strong circumstances tending to show that M. S. Mullens, Jr., had in fact been appointed an agent of the firm and that the firm's subsequent denial thereof is untrue. At any rate, we have concluded that the evidence is not so wholly lacking as to require the judgment to be rendered against the plaintiff at this time.

The other errors complained of will not likely arise in the same manner upon another trial and for this reason will not be discussed at this time.

There was no appeal from the judgment of the plaintiff against M. S. Mullens, Jr., and that part of the judgment will therefore be allowed to stand. The judgment of the trial court in favor of plaintiff against the firm of Fenner & Beane and E. H. Hulsey will be reversed and remanded to the trial court for another trial.