## WATSON et al. v. MORGAN et al.
### No. 12315.

Court of Civil Appeals of Texas.
San Antonio.

Oct. 31, 1951.

Rehearing Denied Nov. 28, 1951.

McKinney & McKinney, Cooper, for appellants.

Lloyd & Lloyd, Alice, for appellees.

POPE, Justice.

This is an action in the nature of a bill of review to set aside a judgment rendered by the District Court of Jim Wells County, and the trial judge has made and filed findings of fact and conclusions of law in support of his judgment refusing to set aside the prior judgment.

According to the facts in this case, Alma Morgan and husband, during October, 1948, filed suit in Jim Wells County in trespass to try title to recover certain lots in Alice, Texas, together with other property. Citations were placed in the hands of the Sheriff of Delta County for service on Glenn D. Watson, individually and as guardian of the person and estate of W. Leon Watson, a person of unsound mind, and W. Leon Watson; and the sheriff made his return which recited personal service on those persons. Actually, the citations were left with Mrs. Glenn D. Watson on October 5, 1948, who delivered them to Glenn D. Watson, individually and in his representative capacity two hours later. The following day Glenn D. Watson delivered the citation to his attorney and discussed the litigation. On November 10th an amended

petition was filed and copies were mailed that day to each of the defendants and to their attorney. The court's term commenced on November 1st, but no answer was ever filed and on November 17th the court rendered judgment against the defendants. A copy of the judgment was received by defendants' counsel not later than November 21st. The term of the court expired November 27th, but no motion for new trial was filed. The present proceedings were commenced on January 10, 1949, fifty days after receipt of the court's judgment, during which time the record does not reflect that any steps were taken with regard to the suit in Jim Wells County, nor were there any communications with the parties, attorneys or the court.

The trial court's findings of fact recited the absence of evidence on the trial of the bill of review supporting appellants' claims for contribution for improvements as they alleged in their pleadings, and conclusions were made denying appellants all relief and finding the judgment had become final.

This record presents nothing, on the basis of the findings, in support of the granting of appellants' petition for bill of review. Were appellants granted a new trial, no meritorious defense to appellees' action has been demonstrated to us. Aside from the absence of that necessary element, however, we hold that appellants failed to exhaust their legal remedies before seeking the aid of equity. It is undenied that appellants actually received and had full knowledge of the citations, the amended petition and the court's judgment, and that the term of court did not expire until seven days after knowledge of the judgment. No steps were taken to set aside the judgment for fifty days. Hence the situation here presented is that of a judgment, regular on its face, rendered by a court with jurisdiction of the subject matter against persons whom the return shows to have been properly served, but who actually were not personally served, and about which judgment the appellants actually knew in time to have invoked a legal remedy during term time.

Knowledge that a judgment had been rendered against appellants imposed upon them the duty to take immediate legal steps then available. The fact that appellants had full knowledge of every step taken against them, including the judgment, is the thing that distinguishes this case from the authorities appellants rely upon. Accord, Stewart v. Byrne, Tex.Com.App., 42 S.W.2d 234. At a time when the judgment was not yet final, and during which time the appellants could have availed themselves of legal remedies, they did not do a single thing, knowing all the time that a judgment had been rendered against them. Since appellants failed to avail themselves of their legal remedies or to excuse their failure to act, we think the judgment became final and that the trial court properly refused to set it aside on the bill of review. Duncan v. Smith Bros. Grain Co., 113 Tex. 555, 260 S.W. 1027; Hamblin v. Knight, 81 Tex. 351, 16 S.W. 1082; Svoboda v. Alexander, Tex.Com.App., 3 S.W.2d 423; Reynolds v. Volunteer State Life Insurance Company, Tex.Civ.App., 80 S.W.2d 1087; Pass v. Ray, Tex.Civ.App., 44 S.W. 2d 470; accord, State Trust & Savings Bank v. Ferguson Seed Farms, Tex.Civ. App., 80 S.W.2d 417; Wichita County Lumber Co. v. Maer, Tex.Civ.App., 235 S. W. 990.

The decree is affirmed.